SUSAN F. THOMPSON ET AL. v. JOHN JOHNSON ET AL.

No. 738. Decided December 19, 1898.

1. Acknowledgment—Married Woman—Deed.

A certificate of acknowledgment to a deed by a married woman joined by her husband, under the Act of 1846, Paschal's Digest, article 1003, was sufficient where it showed that the grantors appeared before the officer and "acknowledged that they signed the foregoing deed for the purpose and considerations therein set forth, and the said S. F. T., wife of A. T., being examined privily and apart from her said husband and after having the said deed explained to her she declared that executed the same freely and with constraint on the part of her said husband and that she did not wish to retract the same." (Pp. 359-361, 364.)

**2. Practice on Appeal—Remand or Render.**

A married woman's deed introduced in evidence by plaintiff to show common source only, in a trial before the court of title to land, was, when offered by defendants to show title, excluded on account of defects in the acknowledgment. The deed having been excluded, the Court of Civil Appeals, though holding the acknowledgment sufficient, could not reverse and render for defendant, but must remand. (P. 364.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Collin County.

Trespass to try title by Susan F. Thompson, joined by her husband, against Johnson et al. Plaintiffs recovered, and on appeal by defendants the judgment was reversed and rendered in their favor, whereupon plaintiffs procured writ of error.

The following is the opinion of the Court of Civil Appeals upon the question of the sufficiency of the certificate of acknowledgment to the deed in question in this case:

Bookhout, Associate Justice.—The trial court found that the deed from Allen Thompson and Susan F. Thompson to the defendant Johnson did not convey the title to the land, the same being the separate property of the plaintiff Susan F. Thompson, because the acknowledgment to the deed was insufficient. The acknowledgment is as follows:

"*The State of Texas, County of Kaufman.*—This day before me, Thos. C. Griffin, notary public of Kaufman County, came Allen Thompson and Susan F. Thompson, to me well known, and acknowledged that they signed the foregoing deed for the purposes and considerations therein set forth; and the said Susan F. Thompson, wife of the said Allen Thompson, being examined privily and apart from her said husband and having had the said deed explained to her, declared that executed the same freely and with constraint on the part of her said husband, and that she did not wish to retract the same.

"Witness my hand and seal of office at office in said county, this 17th day of January, A. D. 1870.                      Thos. C. Griffin,
                                                 "Notary Public, K. C."

The trial court found the certificate of acknowledgment insufficient in the following respects:

1. That the officer's certificate does not show to whom Susan F. Thompson acknowledged that she signed the deed.

2. That the officer's certificate does not show who examined Susan F. Thompson.

3. That the officer's certificate does not show that said deed was fully explained to Susan F. Thompson by the officer.

4. That the officer's certificate does not show that Susan F. Thompson ever acknowledged the execution of the deed to be her act and deed.

5. That the officer's certificate does not show that Susan F. Thompson ever willingly signed, sealed, and delivered the deed to the defendant Johnson, or to any one for him.

The court further found, that if the separate acknowledgment of Mrs. Thompson was sufficient under the statute to pass title, then the judgment should be for defendants. This deed was executed and the acknowledgment taken when the statute of April 30, 1846, Paschal's Digest Laws, article 1003, was in force, and must be construed with reference to that statute. It has been held that the present statute is more rigorous in its requirements than the statute of 1846. Sowers v. Peterson, 59 Texas, 220.

In reference to the first objection to the acknowledgment, it has been held that the certificate of the officer is to be construed as reciting what transpired between the officer and the married woman at the time such acknowledgment was taken. Clark v. Groce, 41. S. W. Rep., 669; Coombes v. Thomas, 57 Texas, 322. The recitation in the certificate that, "this day, before me, Thos. C. Griffin, notary public of Kaufman County, came Allen Thompson and Susan F. Thompson, to me well known, and acknowledged that they had signed the foregoing deed," etc., fairly shows that they acknowledged the same to the officer.

The recitation in the certificate that "Susan F. Thompson, wife of Allen Thompson, being examined privily and apart from her husband, and after having said deed explained to her," etc., will, in the light of the above decisions, be construed as meaning that the examination was conducted by the officer, and that he explained the deed to Mrs. Thompson.

In reference to the finding that the deed was not fully explained to Mrs. Thompson, it has been held, construing the statute, Paschal's Digest, article 1003, that a literal compliance with the statute is not necessary. Belcher v. Weaver, 46 Texas, 294.

The officer certifies that the deed was explained to Mrs. Thompson, and omits the word "fully," which is contained in the form prescribed by the statute, but is not in the enacting clause. Pasch. Dig., art. 1003. The contention is, that the deed was not fully explained to her, and therefore her acknowledgment is not sufficient. If it can be gathered from the certificate that the deed was not fully explained to Mrs. Thompson, this contention is sound. But we do not think it so appears. If the officer explained the deed to Mrs. Thompson, we think this is substantially saying it was fully explained to her. If it was only partially explained to her the certificate would not be true, for then the deed would not have been explained to her, but only partially so.

In the case of Clark v. Groce, supra, the Court of Civil Appeals for the First District held an acknowledgment good which omitted the word "privily" in the examination of the wife.

We think that the certificate that Mrs. Thompson had the deed explained to her substantially shows that a full explanation was made to her by the officer, and is a substantial compliance with the statute.

Belcher v. Weaver, supra; Monroe v. Arledge, 23 Texas, 481; Butler v. Brown, 77 Texas, 344.

It is further insisted that the certificate does not show that Susan F. Thompson acknowledged the execution of the deed.

The certificate recites that Allen Thompson and Susan F. Thompson, to the notary well known, acknowledged that they "signed the foregoing deed," etc. And again, that Mrs. Thompson "having had said deed explained to her, declared that executed the same freely," etc.

In the case of Durst v. Dougherty, 81 Texas, 653, it was held that the word "the" in a certificate of acknowledgment used instead of "he" (the maker) "executed the instrument," etc., did not make the certificate defective.

In the case of Gray v. Kauffman, 82 Texas, the word "her" in the certificate of acknowledgment to a deed by a married woman was omitted before the words "act and deed;" and it was held that this did not render the certificate defective.

Again, it is held, if from the whole certificate it can be gathered that the requisites of the statute were complied with, the certificate will be held good. Belcher v. Weaver, supra.

In the beginning of the certificate the officer certifies that Mrs. Thompson did acknowledge that she signed the deed. We think the certificate, fairly construed, shows that the word "she" was omitted before "had executed," and that Mrs. Thompson did acknowledge the execution of the deed.

The contention that the certificate does not show that Susan F. Thompson willingly signed the deed, we do not think well taken. That part of the certificate objected to in this respect, reads: "she declared that executed the same freely and *with* constraint on the part of her said husband, and that she did not wish to retract the same."

It is contended, that notwithstanding Mrs. Thompson declared that she executed the deed freely, yet the certificate recites she did it *with* constraint. In the case of Durst v. Dougherty, supra, it was held that a certificate of a married woman which recited that "she had freely and voluntarily, *with* fear and compulsion on the part of her husband, signed the same, and that she wished not to retract it," was a compliance with the statute. The court, speaking of the certificate, uses the following language: "It is apparent from the general sense and meaning of the certificate that the word 'without' instead of 'with' fear was the word intended to be written."

We think that a fair construction of the entire certificate shows that the word "with" was a clerical mistake, and that the officer intended to use the word "without." In such a case we do not think the certificate should be held defective. Talbert v. Dull, 70 Texas, 677.

Construing the certificate, as a whole, in the light of our decisions, we think it fairly appears that the requirements of the statute were substantially complied with, and the court erred in excluding the deed as a muniment of title.

It follows from this holding, that the judgment of the court below should be reversed, and judgment here rendered for appellants; and it is accordingly so ordered.

*Reversed and rendered.*

Delivered June 11, 1898.

*Chas. D. Grace, M. H. Garnett, R. C. Merrit,* and *W. C. Jones,* for plaintiffs in error.—The Court of Civil Appeals erred in determining a question of fact in the first instance, to wit, that the purported deed bearing date January 10, 1870, and claimed to be executed by appellees, passed the title out of said appellees for said land, when said deed was excluded from its consideration by the District Court, and was not allowed to be considered as evidence in said cause. Patrick v. Smith, 38 S. W. Rep., 17.

The Court of Civil Appeals erred in holding that the certificate of acknowledgment to said deed as to appellee Susan F. Thompson was good, and a sufficient compliance with the statute regulating the conveyance of land by a married woman. 1. The certificate does not show to whom Susan F. Thompson acknowledged that she signed the deed. 2. Said certificate does not show who examined Susan F. Thompson. 3. Said certificate does not show that said deed was ever "fully" explained to Susan F. Thompson by the officer. 4. Said certificate does not show that Susan F. Thompson ever acknowledged the execution of the instrument to be her act and deed. 5. Said certificate does not show that Susan F. Thompson willingly signed said deed. Runge v. Sabin, 30 S. W. Rep., 568; Norton v. Davis, 83 Texas, 36; Hayden v. Moffat, 74 Texas, 647; Johnson v. Taylor, 60 Texas, 369; Langton v. Marshall, 59 Texas, 297; Ruleman v. Pritchett, 56 Texas, 482; Belcher v. Weaver, 46 Texas, 293; Pasch. Dig., art. 1003.

*Abernathy & Beverly, John Doyle,* and *James Muse,* for defendants in error.—The court should have found that the acknowledgment was sufficient to vest title and should have rendered judgment in favor of defendants. Clark v. Groce, 41 S. W. Rep., 669; Gray v. Kaufman, 82 Texas, 67; Durst v. Daugherty, 81 Texas, 653; Cheek v. Herndon, 82 Texas, 149; Talbert v. Dull, 70 Texas, 677; Broussard v. Dull, 3 Texas Civ. App., 59; Butler v. Brown, 77 Texas, 344; Monroe v. Arledge, 23 Texas, 481; Belcher v. Weaver, 46 Texas, 294; Solyer v. Romanet, 52 Texas, 567; Miller v. Yturria, 69 Texas, 550; Williams v. Pouns, 48 Texas, 141; Kocourek v. Marak, 54 Texas, 201.

DENMAN, ASSOCIATE JUSTICE.—This is an ordinary action of trespass to try title brought by Susan F. Thompson, joined by her husband, against John Johnson and others claiming under him, to recover the lands in controversy. Defendants pleaded not guilty, improvements in good faith, and other matters not necessary to notice. The statement of facts shows (1) that the land is separate property of Susan F. Thomp-

son, it having been allotted to her in the partition of her ancestor's estate; (2) that plaintiffs, for the sole purpose of showing common source, introduced in evidence a copy from the records of a deed purporting to have been executed by her and her husband conveying the land to Johnson; and (3) that defendants made proof of their respective improvements. The pleadings of each of the defendants show that he claimed the land under said deed and there is nothing, other than above stated, in the statement of facts tending to show that Susan F. Thompson has ever parted with whatever title she may have had.

Upon this state of the evidence, the trial court on October 22, 1897, rendered judgment for Susan F. Thompson for the land and for defendants for their improvements.

In November, 1897, at the request of defendants, the court filed conclusions of fact at some length, which, as far as they bear upon the questions we deem it proper to notice, are in substance: (1) that on January 17, 1870, the land in controversy was the separate property of Susan F. Thompson; (2) on said date, she, joined by her husband, executed to defendant Johnson, for a valuable consideration, a certain deed (here the trial court sets out the deed, including the acknowledgment, in full); (3) that Johnson, by subsequent deeds, conveyed parts of the land to the other defendants; (4) that said deed from Susan F. Thompson and husband to Johnson was offered by plaintiffs for the purpose of showing common source and "was received in evidence for that purpose and no other." Upon these facts, the court concluded as a matter of law: (1) that said deed, on account of defective acknowledgment, is void, and that therefore plaintiffs should recover; (2) that if the acknowledgment is in law good, defendants should have judgment. From the bill of exceptions contained in the record, it appears that on the trial defendants offered in evidence as a muniment of title said deed from Susan F. Thompson and husband to Johnson, and that the court upon objection of plaintiffs to the acknowledgment excluded the same, and that defendants duly excepted to such ruling.

From said judgment Johnson and others appealed to the Court of Civil Appeals, assigning as error that the trial court erred in holding said deed void and in refusing to render judgment that plaintiff take nothing upon said finding of fact [2]. Susan F. Thompson and husband filed cross assignments of error to the effect that the trial court erred in finding its said conclusion of fact [2], in that there was no evidence admitted upon which to base same, and also erred in its said conclusion of law [2], in that defendants could not have a judgment even if the acknowledgment was good, because the deed was not admitted in evidence. The Court of Civil Appeals held that the trial court erred (1) in holding the acknowledgment fatally defective, and (2) in not rendering judgment that plaintiff take nothing, and thereupon proceeded to render such judgment. From this judgment Susan F. Thompson and husband have brought the cause to this court upon writ of error, complaining that the Court of Civil Appeals erred in holding

that the certificate of acknowledgment was sufficient and that therefore the trial court erred in excluding the deed. Upon this proposition, we are of opinion that the Court of Civil Appeals were correct, and as they have written fully upon the point, we deem it unnecessary to say more. It therefore results that we are of opinion that that court correctly reversed the judgment of the trial court.

Susan F. Thompson and husband also complain that the Court of Civil Appeals erred in not holding in any event that the trial court erred in its said finding of fact [2] and in its said conclusion of law [2]. We are of opinion that this point is well taken. Though the deed was correctly acknowledged and should have been admitted in evidence,. nevertheless the statement of facts and the bill of exceptions above stated show affirmatively that it was excluded, and such exclusion left the trial court without evidence before it upon which to base its said finding of fact [2], and therefore its said conclusion of law [2], based thereon, was also unauthorized. When the deed was wrongfully excluded by the trial court upon objection made by Susan F. Thompson and husband, they were not called upon and it would have been improper for them to have offered evidence to destroy the same, as they might have done had it been admitted; such, for instance, as that it was a forgery. The exclusion of the deed put it entirely out of the case in so far as the trial court was concerned, and left to defendants Johnson and others only one right in reference thereto—that is, to assign such exclusion as error in law upon which the judgment should be reversed and a new trial awarded. We must therefore set aside the said finding of fact [2] made by the trial court and impliedly approved by the Court of Civil Appeals, for the reason that it was error in law to base same upon excluded testimony. Said conclusion of law [2] must of course fall with it.

Since the judgment of the Court of Civil Appeals, rendering judgment that Susan F. Thompson and husband take nothing, is based upon said conclusion of fact [2] which we have set aside, it follows that it must be set aside and the cause remanded for a new trial.

If on such trial the issue of forgery be raised, the testimony of Enloe as to what occurred at Thompson's house at the time he claims the acknowledgment was taken will be admissible.

*Reversed and remanded.*

Brown, Associate Justice, did not sit in this case.