## SUSAN F. THOMPSON ET AL. V. JOHN JOHNSON ET AL.

Decided June 18, 1900.

### 1. Trespass to Try Title—Charge Not on Weight of Evidence.

In trespass to try title where defendants claimed under a lost deed from plaintiffs (husband and wife), and the wife claimed that she did not sign the deed, the court charged the jury that if they believed from the evidence that the wife signed the deed, which had just before been signed by her husband, conveying the land in controversy to defendants, and that she afterwards acknowledged the same, and such deed and certificate of acknowledgment, if the instrument was acknowledged, had been lost or mislaid, they could find for the defendant. Held, not a charge on the weight of evidence.

### 2. Same—Charge Assuming Fact.

Nor was the charge objectionable in assuming that the husband had executed the deed, since he had testified that he executed it, and the testimony was uncontradicted.

### 3. Lost Deed—Affidavit of Loss and Search.

Where an affidavit of the loss of a deed stated that the original deed was lost; that affiant did not know where it was, and that it was recorded, attaching a certified copy thereof to the affidavit, this was a sufficient compliance with the statute to admit evidence that the deed was lost and that defendant could not procure it. Rev. Stats., art. 2812.

### 4. Same—Affidavit of Forgery—Proof of Execution.

Where an affidavit of the forgery of a deed has been filed, it is the duty of the opposing party offering a certified copy of such deed from the record to show by some of the known rules of the common law the due execution of the original.

**5.　Same—Preliminary Proof—Proof of Execution—Practice.**

　Where a lost deed was attacked as a forgery by affidavit filed as required by the statute, it was for the court to determine whether the preliminary testimony offered to show that the deed was signed by the grantors was sufficient to authorize the admission in evidence of a certified copy thereof, and it then became a question of fact for the jury, under all the evidence touching the execution of the deed, as to whether or not it was a forgery. Rev. Stats., art. 2312.

**6.　Same—Forged Deed—Certificate of Acknowledgment Not Conclusive—
　　Charge.**

　Where, in trespass to try title, defendants claimed under a deed from plaintiffs which was lost, and which plaintiffs by affidavit under the statute attacked as a forgery, it was error, since the affidavit placed upon defendants the burden of showing that the deed was acknowledged, for the court to charge that the recitals in the certificate of acknowledgment to a deed are presumed to be true, except in case of fraud, accident, mistake or deception, and in such cases the recitals may be shown to be untrue by a preponderance of evidence clearly showing that fact.

**7.　Same—Affidavit of Forgery—Alteration of Deed—Charge.**

　An affidavit of forgery, filed under the statute, charging a deed under which the defendants claim to be a forgery, sufficiently raises the issue of alteration to warrant a charge as to the effect of such an alteration of the deed as the unauthorized insertion therein of the name of plaintiff's wife as a party grantor, she being a necessary party to the validity of the deed.

APPEAL from Collin. Tried below before Hon. J. E. DILLARD.

*Chas. D. Grace, M. H. Garnett, W. C. Jones,* and *R. C. Merritt,* for appellants.

*Abernathy & Beverly, John Doyle.* and *J. M. Muse,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by Allen Thompson and Susan F. Thompson against the defendants, John Johnson, Clay Bridgefanner, E. R. Rambo, W. A. R. Honea, and G. B. Kindle, to recover a tract of land in Collin County, Texas. The petition is in the usual form of trespass to try title. The defendants answered by plea of not guilty, and further, they alleged that on the 17th day of January, 1870, Allen Thompson and Susan F. Thompson made, executed, and delivered to the defendant John Johnson a deed to the land in controversy, and copy of the deed and acknowledgment is set out in the answer in full. They further alleged that they claimed under said deed. The plaintiff Susan F. Thompson filed an affidavit in which she attacked the deed as a forgery, alleging that she did not sign or acknowledge the same. A trial resulted in a verdict and judgment for the defendants. Upon the overruling of plaintiffs' motion for new trial they prosecuted an appeal to this court. This is the second appeal of this case. For decisions on former appeal, see 92 Texas, 358; 50 S. W. Rep., 1055; 51 S. W. Rep., 23.

　Appellants' first assignment of error complains of the following charge given by the court to the jury: "The jury are instructed, if they believe from the evidence before them that on the 17th day of January, 1870, plaintiff Susan F. Thompson signed the deed, such as described in defendants' answer, which had just before been signed by her husband, Allen Thompson, conveying the land in controversy to

defendant, John Johnson, and that the plaintiff Susan F. Thompson afterward acknowledged the same before Thomas E. Griffin, a notary public; that said deed and certificate of acknowledgment, if such document were acknowledged, have been lost or mislaid,—then they could find for the defendants for the land in controversy."

The objection to this charge is, first, that it is on the weight of the evidence; second, that it assumed that Allen Thompson did sign said deed described in defendant's answer.

The plaintiff Allen Thompson testified that he did sign a deed to the land in controversy to John Johnson and acknowledged the same. This testimony was uncontradicted. The court was therefore authorized to assume that Allen Thompson did sign the deed. The charge we do not think subject to the criticism that it is upon the weight of the evidence. This assignment is overruled.

In their second assignment of error appellants complain that the court erred in permitting defendants to read in evidence a certified copy of the record of a purported deed from Allen Thompson and Susan F. Thompson to the land in controversy, dated January 17, 1870, and recorded March 2, 1896, in book 73, page 259, Collin County records, because the loss of the original deed was not shown by sufficient evidence, and the original had not been accounted for; that an affidavit attacking said original as a forgery having been filed, it was incumbent upon defendant to show by some of the known rules of the common law the execution of the said original deed, and that no sufficient affidavit showing loss of said original had been filed and proper diligence used to discover said original; and further, that said deed was not properly acknowledged in the manner required by law to convey the separate property of a married woman.

Under this assignment the appellant first contends that the affidavit showing the loss of the original deed from the appellants to Johnson is defective, in that it did not state that the affiant had made search for said instrument. The affidavit alleged that the original deed was lost; that the affiant did not know where it was; alleged where it was recorded, and attached a certified copy to the affidavit. We think the affidavit complied with the statute and was sufficient to admit evidence that the instrument was lost and that the defendant could not procure it. Rev. Stats., art. 2312.

Again, it is contended under said assignment that when an affidavit of forgery has been filed, it becomes the duty of the party offering the certified copy of the deed on record to show by some of the known rules of common law the due execution of the original deed. We think this proposition sound. The defendants did introduce evidence tending to show she signed the deed.

It was for the court to determine whether the preliminary testimony offered to show that Mrs. Thompson signed the deed was sufficient to authorize the admission of the deed in evidence. Either party could, after its introduction, introduce testimony touching the execution of the deed by her, and it then became a question to be determined by the jury

whether the deed was signed by Mrs. Thompson. Cox v. Cock, 59 Texas, 521. It was held on the former appeal that the deed was properly acknowledged.

Appellants' sixth assignment of error complains of the following charge: "When a party exercises the functions of a notary public, the law presumes that he is duly empowered and qualified to act as such, unless the party attacking his official act shall show by a preponderance of the evidence that he was not qualified as such. The recitals contained in an acknowledgment to a deed before a notary public are presumed to be true, except in case of fraud, accident, mistake or deception, and in such cases the recitals contained in such acknowledgment may be shown to be untrue by a preponderance of evidence clearly showing that fact."

Mrs. Thompson had filed her affidavit alleging that she did not acknowledge the deed read in evidence by defendants from herself and Allen Thompson to John Johnson. If it be true that she did not acknowledge the deed, then it is not binding upon her. Wheelock v. Cavitt, 91 Texas, 679; Breitling v. Chester, 88 Texas, 586.

The affidavit placed upon the defendants the burden of showing that the deed was acknowledged by her. This could be shown by either direct or circumstantial evidence. If she did not acknowledge the deed, then the recitals contained in the notary's certificate are not true. We do not think that, under the facts of this case, where the question to be determined was the truth or falsity of the recitals in the officer's certificate, the court should have charged on the presumptions to be drawn in favor of the truth of such recitals. If Mrs. Thompson appeared before the officer for the purpose of acknowledging the instrument and thereby called into exercise the authority of the officer, and did attempt to do what the law required her to do, then, as to innocent purchasers for value, the certificate is conclusive of the facts therein stated. Wheelock v. Cavitt, supra; Kocourek v. Marak, 54 Texas, 205. But if she did not appear before the officer for the purpose of acknowledging the deed, or did not acknowledge it, then the recitals in the certificate would not be binding upon her. The charge placed too great stress upon the certificate of the notary, and we think the jury may have been misled thereby. The charge was error. Stooksbury v. Swan, 85 Texas, 563.

Appellants' eleventh assignment of error complains of the action of the court in refusing special charge number 4, requested by plaintiff, in which she sought to have the jury instructed that "if they believed from the evidence that the deed to John Johnson, conveying the land in question, was in fact executed, as it appears to have been recorded on January 25, 1870, and you further believe from the evidence that since said deed was so executed and delivered it has been changed and altered without the knowledge and consent of said Susan F. Thompson so as to read 'that Allen Thompson and his wife, Susan F. Thompson, do hereby convey to the said John Johnson,' etc.; in other words, if you believe that, since the instrument was originally executed, it has been

changed or altered by inserting in the body thereof the name of Susan F. Thompson, as grantor therein, and that such change or insertion was made, if any, without the knowledge or consent of said Susan F. Thompson, then you are instructed that such alteration, if any, was a material alteration, and the effect of the same is to make the instrument in law speak a language different in legal effect from that which it originally spoke, and if you so find and believe from the evidence, you will find for plaintiffs."

The copy of the deed introduced by plaintiffs from pages 184 and 185, book S, does not contain the name of Susan F. Thompson as one of the grantors in the deed. If her name was not embraced in the original deed as a grantor therein, then it was not sufficient to convey the property. Stone v. Sledge, 87 Texas, 49. The certified copy introduced by defendants, from pages 259 and 260, of book 73, does contain her name as a grantor therein. This last record would seem to be a second recording of the same deed. There is some difference, however, between the certified copies offered. The copy offered by plaintiff showed the deed was dated January 10, 1870. The copy offered by defendants gives the date as January 17, 1870. It contained the following recitals showing a previous recording:

"Filed for record January 26, 1870, at 2 o'clock p. m. Duly stamped. G. W. Patterson, Clerk."

"Recorded in Book S, Collin County Records, pages 184, 185, on the 19th day of March, 1870, at 9 o'clock. Witness my hand and official seal. G. W. Patterson, Clerk. [L. S.]"

The acknowledgment to each copy was substantially the same.

The issue raised by the foregoing requested charge had not been submitted in the charge of the court. Appellees contend that the affidavit of forgery was not broad enough to embrace the issue of alteration in the deed. We are of a different opinion. The defendants did not contend that a deed in which the name of Mrs. Thompson did not appear in the granting clause was sufficient to convey title. They did contend that the deed, as first recorded, was improperly recorded, and that it was correctly recorded in Book 73 in 1896. Mrs. Thompson says she did not sign the deed. If it be shown that the record in Book S is a correct record of a deed which she did sign, and that said deed was thereafter altered so as to include her name as a grantor in the granting clause therein, then we think she would be entitled to have the jury pass upon this issue.

The evidence in the record on this appeal is not sufficient to require this charge to have been submitted, and we have been led to make the above remarks in view of our disposition of the case. If upon another trial there is evidence supporting this issue, then the above charge would be proper.

For the error pointed out in the sixth assignment the judgment will be reversed and cause remanded.

*Reversed and remanded.*