JACKSON v. CRAIGEN et al.    (No. 6635.)

(Court of Civil Appeals of Texas. Galveston. June 4, 1914. Rehearing Denied June 18, 1914.)

DEEDS (§ 31*)—SIGNATURE—EFFECT.

A deed, reciting that it was a conveyance by B., which was not signed by B., but was signed after her death by her heirs, does not convey the interest of the heirs in the premises.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 60–63; Dec. Dig. § 31.*]

Error to District Court, Jefferson County; John M. Conley, Judge.

Trespass to try title by Ellen Craigen and another against R. S. Jackson, in which Sevenne Le Blanc and others intervened. From a judgment in favor of certain of the interveners, the defendant Jackson brings error. Affirmed.

Lipscomb & Lipscomb, of Beaumont, for plaintiff in error. Thos. J. Baten and E. E. Easterling, both of Beaumont, for defendants in error.

PLEASANTS, C. J. This is a suit of trespass to try title brought by Ellen Craigen and Odelia Caruthers against R. S. Jackson to recover 660 acres of land on the Wm. H. Smith league in Jefferson county. A number of persons intervened in the suit, claiming undivided interests in the land, among whom were the children and heirs at law of Emerente Broussard, deceased. By the judgment rendered in the court below these Emerente Broussard heirs recovered against all the other parties to the suit the interest of their deceased mother in the land in controversy. From this judgment defendant Jackson prosecutes this writ of error.

Under an appropriate assignment of error plaintiff in error assails this judgment on the ground that a deed introduced in evidence by plaintiff in error, which was signed by the heirs of said Emerente Broussard, conveyed the title of said heirs to the grantor of plaintiff in error, and that the trial court erred in holding that because said deed did not purport to be the deed of said heirs, it did not convey their interest in the land, notwithstanding the fact that it was signed by them.

The material facts of the deed are as follows:

"The State of Louisiana, Parish of Vernon. We, Azilda Broussard, Delzinde Broussard, Hermogene Langlinais, Emerente Broussard, Elodie Broussard, Sevenne Le Blanc, Celenna Broussard and Adam Thibodeaux * * * in consideration of fifty dollars to each of us * * * in hand paid by Derneuville Broussard * * * for our separate interest of the value of fifty dollars each * * * grant, sell and convey unto the said Derneuville Broussard * * * all that certain tract of land * * * part of the west ¼ of the league granted to

Wm. H. Smith, beginning on the N. line 1250 varas E. of the N. W. corner; thence S. 5000 varas to the S. line at a point 1250 varas E. of the S. W. corner of same; thence W. 720⁴/₁₀ varas to the S. W. corner of the tract sold by Pierre O. Broussard to Eloi Broussard * * * thence N. 5000 varas to the N. line; thence E. on the N. line 720⁴/₁₀ varas to the place of beginning, containing about 637 acres * * * and the part herein conveyed by us is the undivided ⁵/₉ of the above described tract of 637 acres, amounting to about 354 acres, each share of us being 70⁷/₁₀ acres, which we inherited from our father's estate, Pierre O. Broussard. Also another part of the said Smith league * * * and we do hereby bind ourselves to warrant * * * the said premises unto the said Derneuville Broussard, his heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof."

This deed was never signed by Emerente Broussard, but after her death it was signed by her children and heirs at law, the defendants in error.

While the question was not properly before us for decision, this court, in deciding an appeal taken from the judgment from which this writ of error is prosecuted by other parties to this suit, expressed the opinion that the deed in question was inoperative as a conveyance of the title of the heirs of Emerente Broussard. In discussing the question in that case Mr. Justice Reese, speaking for this court says:

"If, however, the question had been properly presented, the contention of defendant Jackson could not be sustained. The fact that Emerente Broussard is named as one of the grantors in the body of the deed, and that her interest is to be conveyed, she being dead, would not distinguish this case from the general doctrine, which is well settled in this state, that a deed is not binding upon one who signs it, but who is not named in the body of the deed as one of the grantors. Stone v. Sledge, 87 Tex. 49, 26 S. W. 1068, 47 Am. St. Rep. 65; Thompson v. Johnson, 24 Tex. Civ. App. 250, 58 S. W. 1030. The rule is different in some of the states. Sterling v. Park, 129 Ga. 309, 58 S. E. 828, reported also in 13 L. R. A. (N. S.) 298, 121 Am. St. Rep. 224, 12 Ann. Cas. 201. An extensive note to this report collates the authorities showing that the weight of authority is in favor of the rule stated in the Texas cases cited." Le Blanc v. Jackson, 161 S. W. 67.

Counsel for plaintiff in error say in their brief that the general rule prevailing in Texas "that where a signer of a deed is not one of those recited therein as grantors the deed is inoperative as to him," is based upon the weight of reason and authority, but insist that the rule is not applicable to the deed in question. There is nothing in this deed that can distinguish it from the deed under consideration in the case of Stone v. Sledge, supra. In the case cited only the name of the husband appeared in the body of the deed as the grantor, but it was signed by both the husband and wife and properly acknowledged by the wife as her act and deed. The land conveyed was the separate property of the wife. If the wife's signature and acknowledgment to this deed did not show an understanding on her part, and manifest a purpose

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

to convey her land, we cannot see how it can be held that the signatures of the heirs of Emerente Broussard, who are not named as grantors in the deed in question, manifest a purpose on their part to make a conveyance of the land. In each case the deed purported to convey land owned by signers who were not named as grantors, and who alone could convey the title, and we cannot see upon what ground the one deed could be held operative as to the signers not named therein as grantors and in the other inoperative as to such signer. The writer is not prepared to agree to the proposition that the rule announced in Stone v. Sledge is based upon the soundest reason, but that it is well settled in this state and is based upon the great weight of authority cannot be questioned.

Such being our views upon the only question presented by the brief of plaintiff in error, it follows that the judgment of the court below should be affirmed; and it has been so ordered.

Affirmed.