SAFECO INSURANCE COMPANY OF AMERICA, Appellant,

v.

J. L. HENSON, INC., et al. Appellees.

No. 20229.

Court of Civil Appeals of Texas, Dallas.

June 3, 1980.

Rehearing Denied June 26, 1980.

Robert A. McCulloch, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellant.

° Robert M. Greenberg, Dallas, for appellees.

Before GUITTARD, C. J., and AKIN and STOREY, JJ.

GUITTARD, Chief Justice.

Safeco Insurance Company, the surety on a subcontractor's bond, paid a claim on the bond and sued the subcontractor, J. L. Henson, Inc., on its written indemnity agreement given at the time the bond was signed. The trial court excluded evidence of the payment on the ground that it was made in settlement of a suit brought against Safeco in the state of New York contrary to a provision in the bond limiting suits to the county in which the construction project was located. We hold that the pendency of the New York suit did not affect Safeco's authority under the indemnity agreement to make the settlement. Consequently, we reverse and remand for consideration of the evidence excluded.

The bond in question is not a statutory bond, and, therefore, Safeco's right to recover must be determined as a matter of contract law. The bond provides:

No suit or action shall be commenced hereunder by any claimant: . . . Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.

The indemnity agreement provides that Henson shall pay to the surety on demand "[a]n amount sufficient to discharge any claim made against Surety on any bond," and further provides:

Surety shall have the exclusive right for itself and the undersigned to determine in good faith whether any claim or suit upon any bond shall, on the basis of liability, expediency or otherwise, be paid, compromised, defended or appealed.

The evidence shows that Celotex Corporation sued Safeco in the state of New York on a claim for material furnished to Henson to complete the subcontract covered by the bond. All evidence of Safeco's actions with respect to that claim after service of process in the New York suit was excluded by the trial court in this case. By bill of exception, Safeco tendered evidence that it answered the New York suit by a plea challenging the jurisdiction of the New York court, but afterwards entered into negotiations with Celotex that resulted in settlement of the claim. The bill shows that because of the uncertain nature of Henson's defense to the Celotex claim and the anticipated litigation costs in attempting to document and prove up numerous offsets asserted by Henson, Safeco's counsel in both New York and Dallas recommended that the claim be settled for $10,000, and that it was settled for that amount before any determination by the New York court on Safeco's motion to dismiss. After exclusion of this evidence, judgment was rendered denying Safeco any recovery against Henson.

On this appeal, Safeco contends (1) that under Texas law the provisions of the bond attempting to oust all courts of jurisdiction of suits on the bond except courts of the county in which the project was located is void as against public policy, and (2) that regardless of any question of the validity of this provision in the bond, the indemnity agreement empowered Safeco to settle claims on any basis it deemed expedient, so long as it acted in good faith, and there is no showing of lack of good faith. We agree with this second contention, and, therefore, need not determine whether the challenged provision in the bond is valid.

Henson argues in support of the judgment that the provision in question is a condition precedent to a suit on the bond, and, consequently, the suit in New York was not a suit on the bond and Safeco was acting as a volunteer in settling the New York suit. Henson concedes that if the claim had been settled before the New York suit was filed, liability for indemnity would have existed; and, likewise, that if Safeco had succeeded in getting the New York suit dismissed, subsequent payment of the claim would have been within the indemnity agreement. Nevertheless, Henson asserts, the New York suit was a "novation" of the claim, and any payment in settlement of that suit before the New York court's determination of the challenge to its jurisdiction was unauthorized by the indemnity agreement and was not in good faith for that reason alone.

■ We cannot agree. Safeco did not act as a volunteer in settling the New York suit, and neither was the settlement made in bad faith, because the settlement discharged the claim, which otherwise would have been enforceable in Texas, regardless of the pendency of the New York suit. The rule is well settled that pendency of a suit in another state does not bar another suit on the same claim in Texas. *Drake v. Brander*, 8 Tex. 351, 357 (1852); *Badgett v. Erspan*, 476 S.W.2d 381, 382 (Tex.Civ.App.—1972, no writ). The claim was not merged into the New York suit because the doctrine of merger applies only to a claim on which judgment has been rendered. *See Westinghouse Credit Corp. v. Kownslar*, 496 S.W.2d 531, 532 (Tex.1973); *Farmers' Royalty Holding Co. v. Kunlow*, 186 S.W.2d 318 (Tex.Civ.App.—Galveston), *aff'd* 144 Tex. 312, 190 S.W.2d 60, 61 (1945); *Thomas v. First State Bank*, 57 S.W.2d 262 (Tex.Civ.App.—Amarillo 1933, no writ). No judgment was rendered in the New York suit except, presumably, a dismissal pursuant to the settlement. Neither did the New York suit result in a "novation" of the claim because that concept applies only to a contract substituting one obligation for another. *Commercial Credit Corp. v. Brown*, 471 S.W.2d 914, 919 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.). Thus, the settlement of the claim in New York was like any other settlement within the terms of the indemnity agreement.

■ The indemnity agreement requires Henson to pay "[a]n amount sufficient to discharge any claim." We interpret this language to apply whether or not a suit is

pending on the claim and regardless of where such a suit may be pending. The excluded evidence would have raised at least a fact issue as to whether Safeco's settlement of the claim was made in good faith. Consequently, the trial court erred in excluding it.

Safeco argues further that we should render judgment in its favor for the amount paid in settlement of the Celotex claim because the evidence establishes as a matter of law that the settlement was made in good faith under the indemnity agreement. We cannot render judgment on the basis of evidence before the court only in a bill of exception. Such a rendition of judgment would deprive Henson of any opportunity to present rebutting evidence, which it had no reason to present because of exclusion of the evidence presented in the bill. *See Thompson v. Johnson,* 92 Tex. 358, 51 S.W. 23, 24 (1898). Consequently, we can only remand the case for a new trial so that the court may consider the excluded evidence and any other evidence relevant to the issues. *Cf. United States Fire Ins. Co. v. Carter,* 473 S.W.2d 2 (Tex.1971).

Reversed and remanded.