# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00658-CV

**Larry Brooks, Appellant**

**v.**

**Mass Marketing, Ltd., f/k/a Mass Marketing, Inc., d/b/a Super S Foods, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
## NO. C2004-0497B, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Larry Brooks sued Mass Marketing, Ltd., doing business as Super S Foods ("Super S"), for injuries he allegedly sustained in a slip-and-fall accident. Brooks obtained a favorable jury verdict of $75,000, and Super S filed a motion for judgment notwithstanding the verdict. The trial court granted the motion in part and reduced Brooks's award to $25,000. On appeal, Brooks argues that the trial court erred in granting the motion because the evidence was sufficient to support the $75,000 award. We will reverse the trial court's judgment and render judgment on the jury's verdict.

## FACTUAL AND PROCEDURAL BACKGROUND

Larry Brooks allegedly injured his back when he slipped and fell on a wet floor at the Super S grocery store. Approximately one month earlier, Brooks had slipped and fallen at an HEB grocery store. In his suit against Super S, Brooks alleged that the two incidents were unrelated

and that his back injury (which eventually required two surgeries) was due entirely to his fall at the Super S store.

At trial, Brooks testified that, up until his fall at the Super S store, he was working but was unable to work after the fall. Brooks's brother testified to the same effect. Brooks also testified that he was earning approximately $28,000 per year before the fall. Super S called no rebuttal witnesses.

The jury returned a verdict in Brooks's favor, finding that Super S's negligence in inadequately marking the wet floor proximately caused Brooks's fall. The jury awarded Brooks $10,000 for physical pain and suffering, $10,000 for past physical impairment, $5,000 for future physical impairment, and $50,000 for past lost earning capacity. The jury awarded Brooks nothing for future lost earning capacity. The trial court rendered a final judgment that ordered Super S to pay Brooks the $75,000 in damages found by the jury.

Super S subsequently filed a motion for judgment notwithstanding the verdict in which it argued that the evidence introduced at trial did not support any award for past lost earning capacity. At the hearing on the motion, Super S also argued that there was an irreconcilable conflict between the jury's finding of $50,000 in *past* lost earning capacity and its finding of $0 in *future* lost earning capacity. The trial court requested supplemental briefing, and in its supplemental brief Super S argued for the first time that Brooks's lost-earning-capacity evidence violated Texas Civil Practice and Remedies Code section 18.091. *See* Tex. Civ. Prac. & Rem. Code Ann. § 18.091 (West 2008) (evidence of lost earning capacity must reflect impact of income taxes).

2

The trial court found at least one of Super S's arguments meritorious, though it did not specify which, and accordingly rendered an "amended final judgment" that set aside the jury's finding of $50,000 in past lost earning capacity. The remainder of the judgment was not changed. On appeal, Brooks argues that the court erred in disregarding the jury's finding of $50,000 in past lost earning capacity.

**STANDARD OF REVIEW**

When reviewing a grant of judgment notwithstanding the verdict, we conduct a legal-sufficiency analysis of the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005).[1] That is to say, a motion for judgment notwithstanding the verdict should be granted only when the evidence is conclusive and one party is entitled to recover as a matter of law, or when a legal principle precludes recovery. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227 (Tex. 1990). Put another way, the district court may disregard a jury's verdict and render judgment notwithstanding the verdict if no evidence supports the jury's findings or if a directed verdict would have been proper. *See Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003); *Brown v. Bank of Galveston*, 963 S.W.2d 511, 513 (Tex. 1998). The jury's findings must not be disturbed if more than

---

[1] Brooks's appellate brief incorrectly states that we should review the trial court's amended judgment using a factual-sufficiency analysis. We deem this mistake immaterial because factual insufficiency is an easier standard to meet than legal insufficiency, *compare Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (under factual-sufficiency standard, court may set aside jury verdict "if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust"), *with Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009) (under legal-sufficiency standard, court may set aside jury verdict only if it is not supported by more than a scintilla of competent evidence), and, as discussed below, because Brooks would prevail under either standard.

3

a scintilla of evidence supports them. *See International Armament Corp. v. King*, 686 S.W.2d 595, 597 (Tex. 1985). To determine whether the district court erred in rendering judgment notwithstanding the verdict, we review all evidence in a light most favorable to the verdict, indulging every reasonable inference in its favor. *See Wilson*, 168 S.W.3d at 821.

**DISCUSSION**

Super S made four arguments to support its motion for judgment notwithstanding the verdict. Because the trial court did not specify which of these arguments it found meritorious, we must consider each of them. *See Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 394 (Tex. 1991) (if trial court does not state grounds for granting motion for judgment notwithstanding verdict, we uphold judgment if any argument supporting motion was meritorious).

First, Super S argued that medical records introduced at trial conclusively showed that Brooks was disabled before his fall at the Super S store.[2] In this case, the medical records produced do not conclusively establish that Brooks was disabled or entirely unemployed before the fall at Super S. Instead, they raised a fact issue as to what Brooks may have told his doctors at the time of the fall, an issue that the jury was required to resolve in light of the documentary evidence and Brooks's testimony at trial. Brooks testified that he injured his back when he fell at the Super S store and that the medical records suggesting otherwise were incorrect. The jury resolved the issue in

---

[2] Super S also argued that the trial court erred in excluding certain other medical records from evidence. That issue was not material to Super S's motion for judgment notwithstanding the verdict, however, because improperly excluded evidence cannot serve as the basis for a judgment notwithstanding the verdict; it can only serve as the basis for a new trial. *See Safeco Ins. Co. v. J. L. Henson, Inc.*, 601 S.W.2d 183, 186 (Tex. Civ. App.—Dallas 1980, writ ref'd n.r.e.).

Brooks's favor, and we will not second-guess that determination, which required a weighing of credibility and the weight to be given the evidence. *See Wilson*, 168 S.W.3d at 820 ("It is the province of the jury to resolve conflicts in evidence.").

Second, Super S argued that Brooks's testimony on several matters relevant to his damages award (*e.g.*, his medical and employment histories) was not credible, so the jury could not reasonably have found in Brooks's favor. The law is well settled, however, that credibility determinations are the exclusive province of the jury. *See In re J.L.*, 163 S.W.3d 79, 86-87 (Tex. 2005). As a result, Brooks's purported lack of credibility was not a proper basis for judgment notwithstanding the verdict.

Third, Super S argued that the jury's finding of $50,000 in past lost earning capacity was irreconcilable with its finding of $0 in future lost earning capacity. Super S is correct that irreconcilably conflicting jury findings cannot stand. *See Bender v. Southern Pac. Transp. Co.*, 600 S.W.2d 257, 260 (Tex. 1980). If jury findings conflict irreconcilably, however, the proper relief is a new trial, not judgment notwithstanding the verdict. *See Insurance Co. of N. Am. v. Brown*, 394 S.W.2d 787, 789 (Tex. 1965). In this appeal, neither party has requested that we remand for a new trial. Moreover, a court "may not strike down jury answers on the ground of conflict if there is any reasonable basis upon which they can be reconciled." *Bender*, 600 S.W.2d at 260. Here, such reconciliation is possible; the jury could have believed, for example, that Brooks's back injury became less debilitating over time. Thus, the purported conflict between the jury's findings was not a proper basis for judgment notwithstanding the verdict.

5

Fourth, Super S argued that Brooks could not recover for lost earning capacity because he violated Texas Civil Practice and Remedies Code section 18.091. *See* Tex. Civ. Prac. & Rem. Code § 18.091 (evidence of lost earning capacity must reflect impact of income taxes). Super S waived that argument, however, by failing to raise it in response to the proposed jury charge. *See Interconex, Inc. v. Ugarov*, 224 S.W.3d 523, 533 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (party waives section 18.091 as ground of error by failing to raise it during trial) (citing Tex. R. Civ. P. 272 and 274). Thus, Texas Civil Practice and Remedies Code section 18.091 was not a proper basis for judgment notwithstanding the verdict.

In sum, we reject all four arguments Super S made to support its motion for judgment notwithstanding the verdict. We therefore hold that the trial court erred in granting the motion. In addition, after reviewing all the evidence, we conclude that the evidence supporting the jury's finding of $50,000 for past loss of earning capacity was not so weak as to render the finding clearly wrong and manifestly unjust. We reverse the trial court's amended final judgment and render judgment on the jury's verdict that Brooks recover the full $75,000 in damages found by the jury, plus court costs and post-judgment interest at the rate set forth in the trial court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Reversed and Rendered

Filed: December 8, 2009