E. A. STONE ET AL. v. R. J. SLEDGE ET AL.

No. 150.

**1. Deed Passes only the Title of the Grantor—Other Signing.**

Upon the question whether one who signs a conveyance is bound by it, although he does not appear upon its face to be a party to the instrument, there is some conflict of opinion; but it seems to us that the great weight of authority is in favor of the proposition that as to such person the deed is wholly inoperative. This rule is supported by the better reason as well as by the weight of authority .................. 52

**2. Consent to Conveyance.**

Where the title is in one person and the consent of another is essential under the law to convey such title, and such other signs the deed, his name not appearing therein as grantor, the signature, it would seem, would merely manifest his consent to the conveyance ................ 53

**3. Privy Acknowledgment of Wife.**

The privy acknowledgment of the wife to a deed purporting to be a conveyance by her husband alone, would not give such deed validity to pass her separate estate in the property so attempted to be conveyed by her husband ................................................. 54

**4. Quære—Certificate of Privy Acknowledgment.**

We are inclined to think that the officer taking a privy acknowledgment while in office has power to amend his certificate, if defective ........ 55

**5. Estoppel.**

House and lot were conveyed to husband in consideration recited part in money and two tracts of land to be conveyed by the husband with his warranty. The house and lot became homestead of the grantee. One of the tracts of land deeded by the husband in the transaction was the separate property of the wife. Such being the facts, the joinder by the wife in a conveyance of the homestead house and lot would not estop her from asserting title in her land deeded by her husband in part consideration ........................... ...................... 55

**6. Same.**

Inasmuch as the husband was compelled to pay a lien upon the house and lot greater in amount than the value of the tract of land recovered by the heirs of the wife as her separate property, as between the original parties the husband would not be concluded from asserting claim to the one-third life estate in the tract so recovered; as against innocent purchasers, however, the husband would be estopped ........... 56

ERROR to Court of Civil Appeals for Third District, in an appeal from Hays County.

*Denman & Franklin* and *W. O. Hutchison*, for plaintiffs in error.— It is the acknowledgment of a married woman to a deed purporting to convey her separate estate which passes title, and the certificate of the notary before whom such acknowledgment is taken is only the evidence of the acknowledgment. Therefore, when the notary taking the acknowledg-

ment has made an error in his certificate, this error can be subsequently corrected by him, and the amended certificate will be entitled to as much credit as if it had been placed upon the deed at the very time the acknowledgment was taken. This being true, the deed from Mrs. E. A. Stone to Morrison divested her of all title to the land in dispute, and the notarial certificate of the officer taking her acknowledgment is conclusive against her and in favor of defendants, who neither by the pleadings nor the proof are charged with any notice of the insufficiency of the acknowledgment of Mrs. Stone to said deed.

The undisputed evidence in the case shows that the property in controversy was exchanged by Mrs. E. A. Stone and her husband for other property, and the legal title to the latter property was conveyed to the husband of said E. A. Stone by J. D. Morrison, to whom they deeded the land in controversy. This title the husband from thence on held in trust for the wife, and this trust she had the power either to accept or reject. A number of years thereafter she conveyed the property so received in exchange, joining in a deed therefor with her husband, and properly acknowledging said deed, and the proceeds of that sale were invested in other property, which the appellants still hold.

The execution of this deed by the wife, and the application of the proceeds of the sale of the land embraced therein, constitute a full acceptance of the property received in exchange as above stated, and the legal title to which the husband so held in trust for the wife. The action now brought to recover the property in dispute, although one of trespass to try title in form, is in effect an effort upon the part of the wife to recover the purchase price paid for the property conveyed to the husband by said Morrison in exchange for the property conveyed to said Morrison; and before any recovery can be had of said purchase price, the consideration for which it was paid must be conveyed to the vendees of Morrison; and as Mrs. E. A. Stone has by her own voluntary act placed it beyond her power to restore said consideration, she is now estopped from recovering said purchase price.

It is not acts of affirmative or positive fraud and misrepresentation alone that will estop a married woman from asserting title to her separate estate in a case where her conveyance of said separate estate is defectively acknowledged, for whilst the conveyance may be void in a limited sense, it has at least sufficient force to serve as the basis of equities which will be protected by the court; and if the court can not decree to a married woman a recovery of the property sued for without sanctioning a fraud, and entering a judgment which would necessarily be destructive of the equities which have grown out of the transaction, and will operate as a gross injustice to the parties to the transaction or those holding under them, then the court will refuse to grant the relief prayed for.

Under our blended system, where both law and equity are administered

in the same court, technical rules of pleading and forms of action will not be allowed to interfere with the settlement of all equities which may arise out of the transaction from which the litigation before the court originated.

If it be conceded that there is no act of affirmative fraud on the part of the wife at the time of the execution of the deed from her and her husband to Morrison, yet the undisputed evidence in the case shows that she is now seeking to have the court in this case commit for her an act of fraud and oppression; she is appealing, not for justice, but injustice. Johnson v. Bryan, 62 Texas, 623; Williams v. Ellingsworth, 75 Texas, 480; Johnson v. Taylor, 60 Texas, 369; Berry v. Donley, 26 Texas, 737; Cravens v. Booth, 8 Texas, 243; Fitzgerald v. Turner, 43 Texas, 79; Dalton v. Rust, 22 Texas, 151; Womack v. Womack, 8 Texas, 397; Stephens v. Shaw, 68 Texas, 261; Woodward v. McNeal, 75 Texas, 146; McKinney v. Mathews, 6 S. W. Rep., 793; Slaughter v. Glenn, 8 Otto, 242; Oliver v. Piatt, 3 How., 333; May v. Le Claire, 11 Wall., 217; Fryer v. Bishell, 84 Pa. St., 524; Bull v. Sevier, 11 S. W. Rep., 508; Galbraith v. Lunsford, 9 S. W. Rep., 370; Bank v. Bank, 50 N. Y., 575; Waring v. Sanborn, 82 N. Y., 604; Shivers v. Simmons, 28 Am. Rep., 372; Handy v. Noonan, 51 Miss., 166; McKamey v. Thorp, 61 Texas, 648; Parker v. Coop, 60 Texas, 111; Hartwell v. Jackson, 7 Texas, 581; Allen v. Urquhart, 19 Texas, 485; Clayton v. McKinnon, 54 Texas, 213; Bige. on Estop., 448; Pasch. Dig., art. 1003.

*L. H. Brown, Ford & Neighbors,* and *G. W. Jones,* for defendants in error.— 1. In order to convey the title of a married woman to her separate landed estate, it is necessary that she appear as a grantor in the instrument of conveyance. If the name of the husband alone appear in the instrument as grantor, the wife's signature being merely annexed to it as expressing her assent to the act of her husband, the instrument does not convey her title, and as to her is utterly void. Bank v. Rice, 4 How., 241; Lithgow v. Kavenaugh, 9 Mass., 161; Dev. on Deeds, secs. 194–204; Bige. on Estop., 448.

2. To estop a married woman from asserting her rights to land, it is essential that she should be guilty of some positive act of fraud, or else of some act of concealment or suppression which in law would be equivalent thereto. For all who deal with a married woman directly, or deal in any manner affecting her rights, are chargeable with a knowledge of her disability, and that she can only convey land in the manner prescribed by the statute. Williams v. Ellingsworth, 12 S. W. Rep., 747; Johnson v. Bryan, 62 Texas, 626; Fitzgerald v. Turner, 43 Texas, 84; Berry v. Donley, 26 Texas, 746; Merriman v. Railway, 117 Mass., 241; Glidden v. Streepler, 52 Pa. St., 400; McMorris v. Webb 17 S. C., 558; Bige. on Estop., 27, 600, 606.

GAINES, Associate Justice.—This action was brought by Mrs. E. A. Stone and her husband to recover a tract of land claimed to be her separate property. She died after the institution of the suit, intestate, and her two children, as her heirs, were made parties plaintiff in her stead. It was admitted that Mrs. Stone originally held title to the premises in controversy by inheritance.

The defendants asserted title through mesne conveyances under a deed executed by F. A. Stone, the husband, to J. D. Morrison on the 6th day of December, 1872. This was an ordinary warranty deed, in which the name of the husband alone appears as grantor. On the 1st day of March, 1873, the wife signed this conveyance, and acknowledged it before a notary public upon a privy examination. The officer appended a certificate which was materially defective and insufficient to pass the wife's title if the deed had been good in other respects.

On the 29th day of May, 1874, the notary attached to the deed another certificate of acknowledgment in full conformity to the requirements of the statutes in relation to the conveyance of property of married women; and as a part thereof he also certified that it was intended to amend his certificate previously made.

The defendants also claimed, that if the alleged deed from F. A. Stone and wife to Morrison was inoperative as a conveyance of Mrs. Stone's title in the land, that she had estopped herself by her subsequent conduct from asserting that title.

The case having been submitted to a jury, the trial court instructed them, in effect, that no title was conveyed by the deed in question, but that the undisputed evidence showed that Mrs. Stone was estopped from claiming the land, and that therefore they should return a verdict for the defendants. The Court of Civil Appeals held, upon appeal from the judgment in favor of defendants, that the trial judge was correct upon the first proposition, but that in the second he was in error.

Upon the question whether one who signs a conveyance is bound by it, although he does not appear upon its face to be a party to the instrument, there is some conflict of opinion; but it seems to us that the great weight of authority is in favor of the proposition, that as to such person the deed is wholly inoperative.

In Agricultural Bank v. Rice, 4 Howard, 225, Chief Justice Taney says: " In the premises of this instrument it is stated to be the intention of their respective husbands, in right of their wives, of the one part, and of the grantees of the other part, the husbands and the grantees being specifically named, and the parties of the first part then grant and convey to the parties of the second part. The lessors of the plaintiff are not described as grantors, and they use no words to convey their interests. It is altogether the act of the husbands, and they alone convey. Now in order to convey by grant, the party possessing the right must be the

grantor, and use apt and proper words to convey to the grantee, and merely signing, sealing, and acknowledging an instrument in which another person is grantor is not sufficient.''

The same general rule prevails in Massachusetts (Catlin v. Ware, 9 Massachusetts, 218), in Maine (Peabody v. Hewett, 52 Maine, 33), in Ohio (Purcell v. Goshern, 17 Ohio, 105), in Alabama (Harrison v. Simons, 55 Alabama, 510), and in Indiana (Cox v. Wells, 7 Blackford, 410).

The contrary doctrine seems to have been announced in Mississippi and New Hampshire. Armstrong v. Stovall, 26 Miss., 275; Elliott v. Sleeper, 2 N. H., 525.

We are of opinion, that the rule which holds the deed inoperative is supported by the better reason, as well as by the weight of authority.

It has been said that the signing of a deed manifests the intention of the signers to be bound by it, and that the courts should construe every instrument so as to give effect to the intention of the parties to it. But the intention of the parties to a written contract must be derived from the language of the contract itself; and when there is nothing in a deed to show an understanding on part of one of the signers to convey, we do not see very clearly that his signature manifests a purpose to make a conveyance.

When the title is in one person, and the consent of another is essential under the law to convey such title, and such other signs the deed, his name not appearing therein as a grantor, the signature, it would seem, would merely manifest his consent to the conveyance.

Such was the case of Ochoa v. Miller, 59 Texas, 460. There the husband signed the deed of the wife, which purported to convey her separate property, and in which he was not named as a party. He had nothing to convey, and his formal assent by joining in her conveyance was all that was required on his part to pass title to the property. It was properly held, that his signature and acknowledgment to the wife's deed was sufficient to show that he had joined with the wife in the conveyance.

Such, also, were the cases of Armstrong v. Stovall, above cited, and Stone v. Montgomery, in the same court. 35 Miss., 83. They are very clearly distinguishable from a case like the present, where one signs a deed which purports to be wholly the act of another, and where the claim is that the property of such signer passes by the conveyance.

The wife's signature to the instrument under consideration does tend to show her consent to her husband's conveyance of the land, but that is a very different thing from manifesting a purpose to convey her own interest.

The deed in question was executed while the Act of April 30, 1846, was in force, and it is insisted that the language of that act indicates that the signature of the wife, with her privy acknowledgment duly certified, was all that was required to pass her title. That act reads in part as follows:

"When the husband and his wife have signed and sealed any deed or other writing purporting to be a conveyance of any estate, or interest in any land, slave or slaves, or other effects the separate property of the wife, or of the homestead of the family, if the wife appear before any judge of the Supreme or District Court or notary public, and being examined by such officer apart from her husband, shall declare that she did freely and willingly sign and seal the said writing, to be then shown and explained to her, and wishes not to retract it, and shall acknowledge the said deed or writing so again shown to her to be her act, thereupon such judge or notary shall certify such privy examination, acknowledgment, and declaration under his hand and seal, by a certificate annexed to said writing, to the following effect and substance," etc.    Pasch. Dig., art. 1003.

Taken literally, this may be construed to mean that it is sufficient if the deed be in the name of the husband, and be signed, sealed, and properly acknowledged both by the husband and wife. But we are of the opinion that such was not the intention of the Legislature. A deed in the name of the husband alone may purport to convey property which in fact belongs to the wife in her separate right, but it purports to convey it as his own, and not as her property.

We think the instrument which was intended to be designated by the statute is a deed which upon its face purports to convey the wife's title to the property described, and that in order to make it such, it must appear from the body of the conveyance itself that the wife is a grantor therein.

Besides, the statute requires that the contents of the conveyance shall be fully explained to the wife by the officer. What explanation would be given of a deed like that under consideration? The officer is not presumed to know anything of the title to the land which the instrument purports to convey. Could he explain to her, that the legal effect of her signature to and acknowledgment of the deed is to pass the title to her separate estate, unless he knew that the property belonged to her and not to her husband? It would seem he would fulfill his entire duty in that particular by explaining to the wife that the deed was a conveyance by the husband of his title to the land therein described. To permit a conveyance capable of such explanation to have the effect to convey the wife's estate in the land is calculated not only to defeat an obvious purpose of the statute, but to open a door to imposition and fraud.

For the reasons stated, we think that the deed under consideration did not convey the wife's title to the land in controversy. It is therefore unnecessary for us to determine whether the amended certificate of May 19, 1874, would have made it a valid conveyance provided she had been a grantor in the instrument.

But in order to prevent any misconception which may arise from the opinion of the Court of Civil Appeals upon that question, we will say,

that if the point were before us we are inclined to think that we should be constrained to hold, that the officer while in office had power to amend his certificate.    There has been no decision in our court upon the question, but the previous intimations of the court are in favor of that view. McKellar v. Peck, 39 Texas, 381; same case, 33 Texas, 234.    It must, however, be conceded, as we think, that the weight of authority elsewhere supports the opinion of the Court of Civil Appeals.

Since, as we conclude, the deed under which defendants claim can not be construed either as a conveyance of the land in controversy by Mrs. Stone or as an attempt by her to convey it, it follows, as we think, that her rights in the land were in no manner affected by her joining her husband in conveying the property conveyed to him by Morrison.

The deed to the Round Rock property was dated December 6, 1872. The consideration of that conveyance was expressed to be $1250 and 395 acres of land lying in Hays County (the land in controversy), and 735 acres of land in Blanco County, " to be hereafter conveyed by said Stone with good and valid legal title with warranty unto me and my heirs," etc.

We have seen that the deed to the land in Hays County was dated as of the same day as the deed from Morrison and wife and Stone to the Round Rock property.    It was, however, not acknowledged by F. A. Stone until January 13, 1893.

But the conveyance from Morrison and wife would indicate that Stone's contract, in so far as it conveyed the property in controversy, was to be fully performed whenever he should execute and deliver to Morrison his own deed to the land, with the usual covenants of warranty.    The deed which was actually executed and accepted amounted to this, and to nothing more.

Mrs. Stone's title to the property in controversy constituted no part of the consideration for the property conveyed by Morrison and wife to her husband; it was Stone's warranty deed to the land that constituted in part that consideration.

The lots in Round Rock therefore became community property; and being at the time the homestead of Stone and wife, her joinder in her husband's deed by which they were conveyed did not in any respect affect her title to the land in controversy in this suit.    The consideration for the conveyance of the Round Rock property did not enure to the benefit of her separate estate; and having received nothing, she was not bound to return the consideration for the land conveyed by her husband to Morrison, as a condition precedent to its recovery by her.    We find no element of estoppel in the transaction, so far as Mrs. Stone is concerned.

Since it appears that Morrison in his deed to Stone to the property in Round Rock, warranted the title, and that Stone was compelled to discharge a lien then existing upon it which amounted to more than the

consideration of the land in controversy as expressed in his deed to Morrison, we are of opinion, that as between the original parties Stone would not be estopped to claim the third-interest for life in the land which descended to him upon the death of his wife. But as to persons claiming under Stone as innocent purchasers, we think the estoppel would apply. The covenant of warranty runs with the land (Flaniken v. Neal, 67 Texas, 629), and any person purchasing the land and paying value, without notice of the facts which would render it inoperative, would be entitled to claim every right arising under it, as if no such facts existed. .

The judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 24, 1894.

Associate Justice BROWN did not sit in this case.