CREOSOTED WOOD BLOCK PAVING CO. v. McKAY et al. (No. 8181.)

(Court of Civil Appeals of Texas. Dallas. April 26, 1919.)

1. DEEDS ⬳31—PERSONS BOUND.

One who signs a deed, but does not appear on the face thereof to be a party thereto, or whose name is not recited in the premises thereof, is not bound thereby.

2. LIENS ⬳3—CREATION—EXECUTION—PARTIES.

Instruments creating liens on real estate of whatever character are conveyances thereof, and hence one who signs such an instrument, but does not appear on the face thereof to be a party thereto, or whose name is not recited in the premises thereof, is not bound thereby.

3. LIENS ⬳3—CREATION—PARTIES TO INSTRUMENT.

An instrument, creating a lien in favor of street paving contractor, purporting in its premises to be from "M. and his wife," was binding on wife, where she signed and acknowledged that she was the wife of M., the person described, named, and referred to in the premises.

4. EVIDENCE ⬳318(1)—HEARSAY—CITY DIRECTORY.

A city directory was inadmissible to prove that a certain person was the agent of another; the contents thereof being but the declaration of an unknown person.

5. ACKNOWLEDGMENT ⬳62(2)—DISQUALIFICATION OF NOTARY—FINANCIAL INTEREST—SUFFICIENCY OF EVIDENCE.

Evidence *held* insufficient to show that a notary was financially interested in a transaction so as to be disqualified to take an acknowledgment.

6. ACKNOWLEDGMENT ⬳20(1)—DISQUALIFICATION OF NOTARY.

The act of taking and certifying acknowledgments cannot be performed by a notary public financially or beneficially interested in the transaction.

7. TRIAL ⬳136(1)—QUESTIONS OF FACT.

Whether a notary who takes an acknowledgment to an instrument is financially or beneficially interested in the transaction is ordinarily an issue of fact.

8. ACKNOWLEDGMENT ⬳20(1)—DISQUALIFICATION OF NOTARY.

The fact that a paving company paid the fees of a notary who was taking and certifying acknowledgments to statutory mechanics' liens on abutting property did not alone disqualify him.

9. HOMESTEAD ⬳97—LIENS — STREET IMPROVEMENTS.

Under Const. art. 16, § 50, as to creation of liens on homestead, a lien declared by a city under an ordinance against a homestead to secure payment for material and labor furnished by a paving company, was a nullity, as a lien against homestead may be created only in the manner directed by the Constitution.

10. MORTGAGES ⬳151(3)—PRIORITY—STATUTORY LIEN.

A lien, voluntarily created by an instrument executed by a husband and wife against homestead property in favor of a paving contractor, is subordinate to a prior mortgage.

11. HOMESTEAD ⬳97 — LIENS — IMPROVEMENTS—ATTORNEY'S FEES.

A lien created by instrument executed by a husband and wife against a homestead, in favor of a paving contractor is not security for a 10 per cent. attorney's fee provided for therein, although such fees are enforceable as a personal liability.

Appeal from Dallas County Court; Kenneth Foree, Judge.

Action by the Creosoted Wood Block Paving Company against A. C. McKay and others. From a judgment for only a part of the relief demanded, plaintiff appeals. Reversed and remanded.

George Sergeant, of Dallas, for appellant.
Gano & Gano and Geo. T. Burgess, all of Dallas, for appellees.

RASBURY, J. Appellant sued appellees, A. C. McKay and his wife, upon a paving certificate issued by the city of Dallas for $294.71, interest thereon at 7 per cent. per annum from October 31, 1913, and for attorney's fees and for foreclosure of a lien declared by the city and of a mechanic's lien on lots 6 and 7, block 3078—95 of the city of Dallas, voluntarily executed by McKay and wife, to secure payment of the cost of such paving. The Investors' Mortgage Security Company, Limited, who, it was alleged, had a lien on said property, was made a party to the suit, and judgment sought against it decreeing its lien inferior to the liens asserted by appellant. Jury was waived and trial had before the court, resulting in a personal judgment against A. C. McKay for the amount of the debt, principal, interest, and attorney's fee, but refusing a foreclosure of the liens. By appropriate assignments of error the correctness of the court's judgment was challenged, and the case appealed to this court.

The facts affecting the issues presented, in the order of their occurrence, are these: A. C. McKay acquired lots 6 and 7, block 3078—95 of the city of Dallas under deed of general warranty June 15, 1910. At the time McKay acquired the land there was a lien thereon in favor of Investors' Mortgage Security Company, Limited, to secure payment of a note for $1,500, retained in a trust deed dated November 18, 1901, and executed by R. M. Harp, a former owner of the property. By various agreements be-

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tween Harp, his vendees and the Investors' Mortgage Security Company, Limited, the payment of the debt was extended, and the lien in its original character, force, and purpose continued as security therefor; the last agreement being with A. C. McKay and wife. The city of Dallas, by resolution and ordinance, contracted with appellant to pave the street upon which McKay's property abutted, and the certificate sued upon and issued to appellant by the city after the street was paved in evidence of McKay's pro rata share of the cost of the pavement recites, among other matters, that the assessment or cost of paving was levied by virtue of an ordinance of the board of commissioners providing that the cost should be paid in installments, bear 7 per cent. per annum interest, and provides for reasonable attorney's fees if incurred, and should constitute a first and paramount lien on abutting property, save as to ad valorem taxes, and a personal liability against the owner of the property, and should be paid to the city assessor and collector of taxes. The ordinance referred to in the certificate, however, was not offered in evidence. In addition to the action taken by the city in reference to assessing the cost of paving the street pro rata against the property abutting thereon appellees McKay and wife executed voluntarily what is claimed to be a statutory mechanic's lien on their property so abutting upon the street. Inasmuch as the validity of the instrument is of controlling importance, we copy the portions thereof which in our opinion determine its validity vel non. They are the following:

"We, A. C. McKay and his wife, owners of the following described property * * * in consideration of the improvement [reciting it] to be made by virtue of a resolution heretofore adopted by the board of commissioners of the city of Dallas * * * promise to pay Creosoted Wood Block Paving Company (reciting the amount which shall not exceed $294.71 and the manner of its payment, including 7 per cent. interest and 10 per cent. attorney's fees if incurred); and in consideration of said improvements to and upon said premises and the fact that thereby the value of said property will be enhanced in excess of the cost of such improvements, we, the undersigned, do hereby expressly confess, admit, give and grant unto said Creosoted Wood Block Paving Company, the contractor who is to furnish the labor and material with which to construct said improvements, and their assigns, the mechanic's, builder's, contractor's and materialman's lien on said premises; * * * and we hereby consent that the board of commissioners of said city may levy a special assessment against said property for the amount ascertained. * * * Witness our hands this 4th day of April, 1913. A. C. McKay, Mrs. A. C. McKay."

Both parties acknowledged the execution of the instrument before J. N. Meek, notary public for Dallas county, Mrs. McKay's acknowledgment conforming in all respects to the statutory provisions for married women. Certain evidence relating to the disqualification of the notary to act was admitted. The facts deducible from such evidence will be recited under assignment of error presenting that issue. The property sought to be affected by all the transactions detailed was at such time and prior thereto the admitted homestead of McKay and wife.

[1-3] The first assignment of error brings in review the action of the court in refusing to admit in testimony the foregoing instrument. It was excluded on the ground that the name of Mrs. McKay did not appear therein as grantor, as a consequence of which she was not bound thereby. It is the fixed rule in the courts of the United States and in the courts of most of the states that one who does not appear on the face of a deed to be a party thereto, or whose name is not recited in the premises thereof, is not bound thereby, and that as to such person it is wholly inoperative. Stone v. Sledge, 87 Tex. 49, 26 S. W. 1068, 47 Am. St. Rep. 65; Agricultural Bank, etc., v. Rice et al., 4 How. 225, 11 L. Ed. 949; Cordano v. Wright, 159 Cal. 610, 115 Pac. 227, Ann. Cas. 1912C, 1044, and note; 1 Devlin, Real Estate (3d Ed.) § 194, p. 282. Instruments creating liens on real estate of whatever character are conveyances thereof, and hence the rule affects such instruments in the same manner that it affects ordinary conveyances. The question then is, Does the instrument tendered in evidence come within the rule? We conclude it does not, and that the trial court erred in excluding it from consideration. In most, if not all, of the adjudicated cases the deeds purported to be and were from those named in the premises as grantors, while affixed thereto at the usual place for signatures was the name of another, who neither by name, reference, description, nor otherwise appeared to be a party thereto. In Stone v. Sledge, supra, our ruling case, the deed was and purported to be nothing more than a deed from Stone to Morrison, but to which was attached the signature of his wife. She was neither named, referred to, nor described in the body or premises of the deed as a grantor. In that case it was said that—

"The intention of the parties to a written contract must be derived from the language of the contract itself; and, when there is nothing in a deed to show an understanding on the part of one of the signers to convey" the signature and acknowledgment alone are insufficient to manifest such purpose.

But in the case at bar, while the name of Mrs. McKay is not recited in the body or premises of the deed it does, in our opinion, appear therefrom that she was a party thereto, and that an understanding on her part to convey can be "derived from the

language of the contract itself." We have recited the deed. In its premises it purports to be from "McKay and his wife," who assert themselves to be the owners of the property, and who collectively join in every warranty agreement or promise contained in the instrument. It is signed by A. C. McKay and Mrs. A. C. McKay, and the latter acknowledges that she is the wife of A. C. McKay; the person described, named, and referred to in the premises as the wife of A. C. McKay. While the premises of the deed must disclose certainly who the grantors are, it does not, in our opinion, require in every event the name of the grantor to appear therein. None of the cases cited will support such construction. The rule, as we have shown, is that one who does not appear on the face of a deed to be a party thereto or whose name is not recited therein is not bound thereby. "The requirement of the rule is met if, from the deed in its entirety, enough is shown from which, by the aid of extrinsic evidence, the names of the grantors can be made certain." Sloss-Sheffield Steel & Iron Co. v. Lollar, 170 Ala. 239, 54 South. 272. The quotation is from the Alabama Supreme Court, which enforces the rule invoked in the case at bar, and asserts, in our opinion, a sound, just, and reasonable application of the rule. In that case the court was passing upon the validity of a deed signed by Mrs. Adcock and several of her children, who were described in the premises as Mrs. K. E. Adcock "and her heirs." The court held that since the living had no heirs, the reference was to her children and permitted proof of that fact. The case at bar is, in our opinion, easier of solution, since it does not in final analysis require extrinsic proof of any fact. The grantors are McKay and wife. Both signed and acknowledged. The only question is, Can one of the grantors who is described in such manner that her status is certain as matter of law and fact avoid her act because not also described by name? We conclude she cannot.

The trial court also refused to admit the lien in evidence on the further ground that the notary was financially interested in the transaction, and therefore disqualified to take and certify the acknowledgments of the parties. The facts deducible from the evidence on that issue are without dispute, and are, in substance, these: George Sergeant testified that he was attorney for appellant and that it was the custom of the latter to procure a notary to take the acknowledgments for the prescribed fees, and, without knowing it to be a fact, he assumed that that custom was followed in taking the acknowledgments of appellees. He did not know whether the notary at the time was an employé of appellant. Appellant, A. C. McKay, testified that the notary Meek took the acknowledgment of himself and wife to the lien. He did not employ him nor pay his fee, and did not know who did. He assumed and felt sure that the appellant did, and that Meek was representing appellant. The directory for the city of Dallas for the year 1913, showing that J. Norris Meek was listed therein as representative for the Creosoted Wood Block Paving Company, was admitted in evidence.

[4] First, it is contended that the city directory was inadmissible to prove, either that Meek was the agent of appellant or that he was financially interested in the transaction because hearsay. We concur in the contention. The listing in the directory by its publishers of the name and occupation of Meek was obviously printed hearsay, and not the best evidence of the fact sought to be established. It was but the declaration of an unknown person. 16 Cyc. 1213.

[5-7] It is also contended that the evidence as admitted is insufficient to show that the notary was disqualified to take the acknowledgments. In this contention we also concur. Obviously the purpose of the testimony offered was to prove that the officer taking the acknowledgments was the agent of appellant. In our opinion it fell short of its purpose in that respect. Sergeant at most testified that he did not know whether Meek was employed by appellant at the time he took the acknowledgment or not. McKay testified that he did not know that Meek was employed by appellant at the time, but presumed and felt quite sure that he was. The directory we have held was inadmissible, even if it be conceded that its tendency was to prove the agency by inference. It thus appears that there is no evidence of probative force tending in the least to establish that the officer was an agent of appellant at the time he acted. However, since the case is to be tried again, we think it proper to say that it is the general rule that the act of taking and certifying acknowledgments cannot be performed by one financially or beneficially interested in the transaction. Bexar B. & L. Ass'n v. Heady, 21 Tex. Civ. App. 154, 50 S. W. 1079, 57 S. W. 583; 1 C. J. 802. The current of authority as noted by the authority last cited holds that to disqualify the officer he must have a direct pecuniary interest in the consideration of the instrument certified or such interest in upholding it. Whether he has is ordinarily an issue of fact. Our courts hold that one who identifies himself with a transaction by attaching his name to written instruments concerning it as agent for one of the parties is disqualified from taking and certifying the acknowledgments of the other parties. Sample v. Irwin, 45 Tex. 567; Kutch v. Holley, 77 Tex. 220, 14 S. W. 32; Rothschild v. Daugher, 85 Tex. 332, 20 S. W. 142, 16 L. R. A. 719, 34 Am. St. Rep. 811. The cases cited also indicate, but do not

decide, that when the fact of agency is shown it raises a presumption of disqualifying interest.

[8] The fact that appellant may have paid the fees of the notary for taking and certifying the acknowledgments does not, in our opinion, alone disqualify the notary. All authority we have examined hold that that fact does not disqualify.

[9] Appellant asserts that the lien declared in its favor by the city of Dallas is superior to the lien of the Investors' Mortgage Security Company, Limited. The contention is based upon provisions of the city charter, declaring that the city may, by observance of certain preliminaries not necessary to detail, order the paving of its highways at the expense of abutting property owners, and shall have power to fix a lien against such abutting property to secure the payment of the cost of the material and labor in favor of the contractor, which lien when fixed and declared, shall be "superior to all other liens, claims or titles, except city, county and state taxes." As we have noted in our statement of the case the city did declare a lien against appellee's property in the words of the charter grant. As we have also noted, the property was at the time and prior thereto the homestead of appellees. A lien against the homestead cannot be created in such manner to secure the cost of the labor and material entering into improvements made thereon. While the Constitution permits liens in favor of builders, mechanics, and materialmen to be fastened upon the homestead, they may be created only in the manner directed by the Constitution, which declares, in substance, that mortgages, trust deeds, or other liens upon the homestead shall never be valid except for the purchase money, taxes, or the cost of work or material used in constructing improvements thereon, and in the latter case only when the work and material are contracted for in writing with the consent of the wife given in the manner required in making sales and conveyances thereof. Article 16, § 50. Such provisions, if they do not expressly deny the Legislature the right to create a lien upon the homestead, clearly do so by necessary implication, since any such lien against the homestead, when not contracted for in writing with the consent of the wife, "shall never be valid." As a consequence the lien sought to be fixed by the action of the city is, in our opinion, a nullity, and affords no basis whatever for the claim that appellant's lien is superior to that of the Investors' Mortgage Security Company, Limited.

Counsel for appellant relies upon a declaration by the Supreme Court in Storrie v. Houston City St. Ry. Co., 92 Tex. 129, 46 S. W. 796, 44 L. R. A. 716, which is a quotation from Elliott on Railroads to the effect that liens declared by cities under charter grant in favor of contractors who pave the streets "are ordinarily superior to all liens except general taxes, and the authority of the Legislature to make them such is fairly established." The lien in that case was declared against the franchises and property of the street railway company, a private corporation. As a consequence no question of homestead rights was involved, and whatever is a proper construction of the holding, it is of no controlling importance in determining whether the Legislature can authorize a governmental agency to create a lien upon the homestead in a manner forbidden by the Constitution.

[10] So far as relates to the lien that was voluntarily executed by the appellees McKay and wife, that instrument, conceding for the time that all preliminaries required by the Constitution were observed, is independent of and occupies entirely different ground from the lien attempted to be declared by the city. It, so far as relates to the lien of appellee, Investors' Mortgage Security Company, Limited, is subordinate thereto in the same manner that all subsequent liens are subordinate to prior liens.

We have not discussed the issue presented by appellee Investors' Mortgage Security Company, Limited, concerning the right of the Legislature to pass retroactive laws by which vested contract rights are affected, for the reason that to do so in the light of our holding on other questions would, so far as the case at bar is concerned, be purely academic. The rights conferred and the restrictions imposed upon the Legislature in such cases have been repeatedly declared by the state and the United States courts.

[11] Appellee Investors' Mortgage Security Company, Limited, also contends that, even though the lien voluntarily executed by appellees McKay is a valid lien, it is not security for the 10 per cent. attorney's fees provided for therein. The contention is correct, and ought not at this time to require the citation of authority, though we repeat one of those cited by counsel. Harn v. Am. Mut. Bldg. & Sav. Ass'n, 95 Tex. 79, 65 S. W. 176. The attorney's fees are, however, enforceable as a personal liability.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.