**PATTON et al. v. TEXAS PAC. COAL & OIL CO.  (No. 9357.)**

(Court of Civil Appeals of Texas. Ft. Worth. June 5, 1920. Rehearing Denied Oct. 9, 1920.)

1. **Appeal and error ⚌527(2)—Findings and conclusions not filed within time prescribed are not before court.**

Where the findings of fact and conclusions of law of the trial court were omitted by the clerk from the transcript, and appellants and appellee agreed to have them incorporated in a supplemental transcript, but the findings and conclusions were not filed within the time prescribed by statute, they are not before the Court of Civil Appeals.

2. **Mines and minerals ⚌58—Oil and gas lease not void because unilateral or for want of mutuality.**

Oil and gas lease executed for an independent and valuable consideration of $621.50 for a definite period of five years *held* not void because unilateral or for want of mutuality, whether the right granted the lessee was an option or an interest in land, and regardless of the lessee's right to surrender.

3. **Corporations ⚌459—Corporate lease need not show president or directors formally accepted lease.**

In suit in trespass to try title by oil and gas lessors against the lessee, a corporation, it was not necessary for defendant lessee to show that its president or board of directors formally accepted the lease; the fact that it paid into the depository bank the agreed rentals at the agreed time being sufficient evidence of acceptance of the lease by it.

4. **Trespass to try title ⚌27—Subsequent lessees of portions of tract covered by oil and gas lease not necessary parties to lessors' suit.**

In trespass to try title by oil and gas lessors against their lessee, a corporation, subsequent lessees of portions of the land in controversy were not necessary parties to the suit, and final judgment could be rendered without them as parties; no request having been made in the trial court that they be made such, though they were possibly proper parties, and no judgment rendered would bind them.

5. **Appeal and error ⚌882(4)—Plaintiff appellant cannot complain of failure to join parties.**

In trespass to try title by oil and gas lessors against the corporate lessee, in the absence of findings in the record that any other parties were necessary parties to the suit, the judgment rendered not affecting the right of any absent parties, as subsequent lessees of parts of the land in controversy, it is immaterial whether or not plaintiff lessor's failure to make holders under the subsequent mineral deeds parties to the suit was a nonjoinder; certainly plaintiff lessors, appellants, are not in position to complain.

6. **Mines and minerals ⚌58—Oil and gas lease, naming M. "et al." as lessors, invalid as to those not named.**

Oil and gas lease reading that it was made and entered into on a specified date "between Mrs. M. C. P. et al.," etc., "first parties," etc., mentioning the lessors as "first parties" in several places, but naming no other than Mrs. M. C. P., *held* invalid as to lessors not named.

Appeal from District Court, Stephens County; Harry Tom King, Judge.

Suit by Mrs. Mattie C. Patton and others against the Texas Pacific Coal & Oil Com-

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pany. From an adverse judgment, plaintiffs appeal. Affirmed in part, and in part reversed and rendered.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellants.

W. J. Oxford, John Hancock, Leslie C. Garnett, and L. D. Hawkins, all of Thurber, for appellee.

BUCK, J. Mrs. Mattie C. Patton, a widow, and her children, J. H. Patton, joined by his wife, Mrs. Celia Patton, and Fay Patton Cox, joined by her husband, A. H. Cox, filed this suit in the form of trespass to try title against the Texas Pacific Coal & Oil Company, a corporation, to recover title and possession of six tracts of land, aggregating 2,486 acres, situated in Stephens county. From an adverse judgment in a trial before the court, the plaintiffs have appealed.

While appellants' brief contains some 76 assignments, yet they may be grouped under six heads, to wit:

(1) That the lease under which the defendant claims and which the plaintiffs executed is unilateral and unenforceable.

(2) That no evidence is shown that 'the grantee, appellee here, accepted the lease, and that it did not execute the lease.

(3) That the court was not authorized to reform the lease as prayed for by the defendant.

(4) That the lease is invalid because the grantors' or lessors' names were not mentioned in the instrument, except Mrs. Mattie C. Patton.

(5) That subsequent lessees were not made parties.

(6) That the court erred in certain of his findings of fact.

[1] It appears from appellants' written argument that the findings of fact and conclusions of law, made by the trial court and filed in said court, were omitted by the clerk from the transcript, and appellants and appellee agreed to have the same incorporated in a supplemental transcript, but it developed that said findings of fact and conclusions of law were not filed within the time prescribed by the statutes. Hence they are not before us, and we disregard the sixth group of assignments.

The lease contract, made the 26th day of July, 1917—

"between Mrs. M. C. Patton et al. of Lusk, and state of Texas, first parties, and the Texas & Pacific Coal Company, second party,

"Witnesseth: The first parties, in consideration of six hundred twenty-one & 50/100 dollars to them paid, the receipt of which is hereby acknowledged, and the covenants hereinafter contained on the part of second party, do by these presents let and lease to second party for a period of five years from the date hereof, the following described premises situated in the county of Stephens and state of Texas, to wit: * * *

"Beginning at the expiration of 12 months from the date hereof second party agrees to pay first parties $621.50 in advance, ground rent at the rate of 25¢ per acre per annum, less the amount of any royalties paid by second party to first party during the preceding year; and should the royalties paid during the preceding year equal or exceed the ground rent for the ensuing year, first parties agree to accept said royalties as full payment of ground rent for said year. * * *

"A deposit of the moneys herein provided for to the credit of first parties in the F. & M. State Bank in the city of Ranger, Texas, shall be taken and accepted by them as payment. * * *

"It is further agreed between the parties hereto that in case natural gas or petroleum are discovered on said premises this lease shall continue in full force and effect so long as any of these are produced in paying quantities, and that second party at any time, may surrender or enter of record a release of said premises, or any part thereof, and from said time be released from all liabilities under the terms and provisions hereof on all that part of the premises so surrendered or released; and that in the event of second party failing to pay the first parties in advance on ten days' notice in writing by first party to second party, as above stated, the ground rent due under the terms and provisions hereof, that this lease shall be null and void and the first and second parties shall be released from all liabilities herein mentioned."

This contract was signed by Mrs. Mattie C. Patton, J. H. Patton, A. H. Cox, Mrs. A. H. Cox, and Mrs. J. H. Patton, and duly acknowledged by each of them, but not signed or acknowledged by the lessee.

[2] The lease being executed for an independent and valuable consideration, to wit, $621.50, and for a definite period of five years, we hold that it is not void because unilateral or for want of mutuality whether the right granted therein is an option or an interest in land, and regardless of the lessee's right to surrender. Corsicana Petroleum Co. v. Owens et al., 222 S. W. 154, opinion rendered by Chief Justice Phillips of the Supreme Court, May 19, 1920, not yet [officially] published; Guffey v. Smith, 237 U. S. 101, 35 Sup. Ct. 526, 59 L. Ed. 856; Rich v. Doneghey (Okl.) 177 Pac. 86, 3 A. L. R. 352; Pierce Fordyce Oil Ass'n v. Woodrum, 188 S. W. 245; Aycock v. Reliance Oil Co., 210 S. W. 848; Griffin v. Bell, 202 S. W. 1034; McEntire v. Thomason, 210 S. W. 563; Emde v. Johnson, 214 S. W. 575. It appears from the instrument itself that the $621.50 down paid was a sufficient consideration, and was so intended, to support the contract, including the right of the lessee to surrender. Corsicana Petroleum Co. v. Owens, supra. Hence we conclude that the contract was not void for want of mutuality.

[3] Under the fourth group, appellants urge that there was no evidence that the grantee accepted the lease. The grantee was a corporation, and could only act through its

officers and agents. The evidence showed that a Mr. Davenport secured the lease for the corporation, and that the annual rental had been paid into the F. & M. State Bank of Ranger, the agreed depository, up to and including the rental for the year ending July 26, 1920, that the lessors had accepted such payments except the last one, but had refused to accept such last payment, and that it was in the bank, unclaimed by the lessors at the time of the suit. We do not think that it was necessary to show that the corporation's president or its board of directors had formally accepted the lease, but the fact that it paid into the depository the agreed rentals at the agreed time was sufficient evidence of the acceptance of the lease by the lessee. Hence we overrule those assignments, attacking the lease on the ground that defendant failed to plead and the evidence failed to show that the grantee accepted the lease.

[4,5] It developed in the evidence that the plaintiffs had leased to several parties portions of the 2,486 acres of land in controversy during the year 1919. Appellants urge that these subsequent lessees were necessary parties to this suit, and that no final judgment could be rendered without such persons as parties, though no request was made in the trial court that said subsequent lessees be made parties. While they were possibly proper parties, and while no judgment rendered would bind them, yet we do not think that they were necessary parties to this suit. This was an action to determine the rights of the plaintiffs on the one hand and the defendants on the other to the land in controversy, under the lease made on July 26, 1917. The trial court had jurisdiction to render a judgment as to this issue. There being no findings in the record that any other parties were necessary parties to the suit, and the judgment rendered by the court not affecting the right of any absent parties, it is immaterial whether or not the appellant's failure to make the holders under the mineral deeds parties to the suit is a nonjoinder. Thompson v. Griffin, 69 Tex. 139, 6 S. W. 410; Langford v. Power, 196 S. W. 662, by this court. At least the appellants, plaintiffs below, are in no position to complain.

[6] We now come to the most important question raised by appellants, to wit, that the instrument is invalid as to the children because their names were not mentioned in the instrument. It will be remembered that the lease provides:

"This lease made and entered into this 26th day of July, A. D. 1917, between Mrs. M. C. Patton et al. of Lusk, and state of Texas, first parties, and the Texas & Pacific Coal Company, second party."

While in this instrument the lessors are mentioned as "first parties" in several places, no names of the lessors other than Mrs. M. C.

Patton are given, although all the lessors signed the instrument. Appellants contend that at least the instrument is invalid as to J. H. Patton and his sister and their respective spouses. In Stone v. Sledge, 87 Tex. 49, 26 S. W. 1068, 47 Am. St. Rep. 65, action was brought by Mrs. E. A. Stone and her husband to recover a tract of land claimed to be her separate property. The defendants asserted title through mesne conveyances under a deed executed by F. A. Stone, the husband, to J. D. Morrison, which instrument was an ordinary warranty deed in which the name of the husband alone appeared as grantor, though the wife signed and duly acknowledged the conveyance. The Supreme Court, after a full discussion of the authorities, concluded that the deed under which defendants claimed could not be construed either as a conveyance of the land in controversy by Mrs. Stone or as an attempt by her to convey, and that her rights in the land were in no manner affected by her joining her husband in the conveyance. In Ochoa v. Miller, 59 Tex. 460, the husband signed the deed of the wife to her separate property, but he was not named as a party in the instrument. The Supreme Court held that he had no real interest to convey, and that his formal assent in joining in his wife's conveyance was all that was required on his part to pass title to the property. In Stone v. Sledge, supra, the court mentions Ochoa v. Miller and other cases relied on by appellee, but distinguishes them from the case under consideration. In Le Blanc v. Jackson, 210 S. W. 687, our Supreme Court approved a judgment of the Commission of Appeals, holding that a deed signed by the heirs of one who was dead, but who was mentioned in the instrument as one of the grantors, but the heirs' names not appearing in the body of the instrument, and there being nothing in the deed itself to identify them as the heirs of the named grantor, who was dead, was inoperative as to the parties signing the deed, but whose names were not mentioned in it. In Block Paving Co. v. McKay, 211 S. W. 822, it is said:

"The first assignment of error brings in review the action of the court in refusing to admit in testimony the foregoing instrument. It was excluded on the ground that the name of Mrs. McKay did not appear therein as grantor, as a consequence of which she was not bound thereby. It is the fixed rule in the courts of the United States and in the courts of most of the states that one who does not appear on the face of a deed to be a party thereto, or whose name is not recited in the premises thereof, is not bound thereby, and that as to such person it is wholly inoperative. Stone v. Sledge, 87 Tex. 49, 26 S. W. 1068, 47 Am. St. Rep. 65; Agricultural Bank, etc., v. Rice et al., 4 How. 225, 11 L. Ed. 949; Cordano v. Wright, 159 Cal. 610, 115 Pac. 227, Ann. Cas. 1912C, 1044, and note; 1 Devlin, Real Estate (3d Ed.) § 194, p. 282."

In the cited case, the court held, we think properly, that the instrument excluded was admissible, because Mrs. McKay was mentioned in the instrument as the wife of A. C. McKay, and the court held that that was a sufficient designation of her to identify her as one of the grantors, she signing the instrument as Mrs. A. C. McKay, using her husband's initials. In Barnsdall v. Boley et al., 119 Fed. Rep. 191, from the U. S. Circuit Court of the Northern District of West Virginia, it was held that no one who is not a party to the deed can be bound by it or its covenants, and no one can be a party who is not mentioned or referred to therein.

While appellee acknowledges that the weight of authority is in accord with the holding of the Supreme Court of Texas in Stone v. Sledge, supra, yet it urges that the instrument under consideration is not invalid, because it is obvious that there was more than one lessor intended, and that the frequent use of the term "parties of the first part" so indicates; that it is not essential that the grantors be described by name where they are otherwise so described as to be identified. It cites and relies on the cases of Frederick v. Wilcox, 119 Ala. 355, 24 South. 582, 72 Am. St. Rep. 925; Hawkins v. Pugh, 91 Ky. 522, 16 S. W. 277; Dinkins v. Latham, 154 Ala. 90, 45 South. 60; 1 Corpus Juris, p. 172; Sloss-Sheffield Steel & Iron Co. v. Lollar, 170 Ala. 239, 54 South. 272; Block Paving Co. v. McKay, 211 S. W. 822.

But the trouble is that there is nothing in this instrument by means of which the identity of the grantors, other than Mrs. Patton, can be established, and we conclude that under the authorities of this state such an instrument is invalid as to the grantors not named. For which reason the judgment of the trial court will be affirmed as to the issues between Mrs. Mattie C. Patton and the appellee, but the judgment as to the other plaintiffs will be reversed and here rendered for them and against the appellee. It becomes unnecessary for us to pass upon the group of assignments alleging error in the trial court in granting defendant's prayer to reform the instrument and to include the names of the other grantors.

Judgment affirmed in part, and reversed and rendered in part.