**DIRECTOR, DALLAS COUNTY CHILD WELFARE, Appellant,**

v.

**Annie Josephine THOMPSON, Appellee.**

No. 05–83–00391–CV.

Court of Appeals of Texas, Dallas.

Feb. 1, 1984.

Rehearing Denied April 3, 1984.

Michael D. Munden, and Maridell Templeton, Asst. Dist. Attys., Dallas, for appellant.

Cynthia Hollingsworth, Maxine T. McConnell, Dallas, for appellee.

Stephen C. Crane, Dallas, guardian ad litem.

Before STEPHENS, WHITHAM and STEWART, JJ.

STEPHENS, Justice.

The Director of the Dallas County Child Welfare Unit of the Texas Department of Human Resources sought to terminate the parent-child relationship between appellee and her child. The trial court denied termination on the ground that the notary public before whom the mother executed an affidavit of relinquishment of parental rights was an employee of the Texas Department of Human Resources, and as such, was disqualified as a matter of law to acknowledge the mother's affidavit. We hold that a notary public is not disqualified as a matter of law from acting in his or her official capacity as a notary public merely because such person is an employee of the state agency for whom the official act is performed, and, consequently, we reverse the case and remand the cause for trial.

Linda Shirelle Thomas, a secretary with the Department of Human Resources, was a notary public whose annual bond premium was paid by the Dallas County Welfare Department. She made no policy decisions

concerning child welfare cases. Her job responsibilities were those generally recognized as secretarial duties. When called upon, she acted in her official capacity as a notary public for the department, accepting no fees for her services. The affidavit of relinquishment in this case, naming the department as managing conservator, was executed before Ms. Thomas. The record shows that Ms. Thomas had no knowledge of the facts of the case, and no personal interest in its outcome.

The fact that a notary public is in the employ of a party to the transaction does not of itself disqualify him to take an acknowledgment unless the notary: (1) has a direct pecuniary or beneficial interest in the transaction, *Creosoted Wood Block Paving Co. v. McKay*, 241 S.W. 549 (Tex. Civ.App.—Dallas 1922, writ ref'd); *Creosoted Wood Block Paving Co. v. McKay*, 211 S.W. 822 (Tex.Civ.App.—Dallas 1919, no writ); or, (2) he identifies himself with a transaction by attaching his name to a written instrument concerning it as an agent for one of the parties. *Creosoted Wood Block Paving Co. v. McKay*, 211 S.W. 822 (Tex.Civ.App.—Dallas 1919, no writ). We hold that the same principle should apply to affidavits.

The notary's name does not appear in the affidavit as an agent of the Department of Human Resources and there is no evidence that she acted as an agent of appellant in the transaction in question. We hold that the notary had no direct interest, pecuniary or beneficial, in whether appellee's parental rights would be subsequently terminated. She was nothing more than an employee of the Department of Human Resources, and payment of the bond fee by the department did not make her such an agent, with respect to this transaction, as to disqualify her from notarizing an affidavit of relinquishment. Consequently, the trial court erred in disqualifying the notary public and voiding the affidavit of relinquishment.

The judgment is reversed and the cause is remanded for trial.