### JOSEPHINE M. BARRE v. J. P. DAGGETT ET AL.

No. 2281.  Decided February 5, 1913.

**1.—Conveyance—Sale of Expectancy by Heir.**

The expectancy by a daughter of inheritance from the estate of a living parent is a present right, the subject of sale, and capable of being conveyed. Hale v. Hollon, 90 Texas, 427, followed.  (P. 575.)

**2.—Same—Married Woman.**

A married woman, by deed and privy examination, her husband joining,

may convey her expectancy as heir of a living parent. The deed vests her rights in the grantee and is in no sense executory. (Pp. 575, 576.)

**3.—Same.**

A married woman has the same power to dispose of her rights of property as a feme sole, except as restrained by legislative enactment. (P. 575.)

**4.—Practice in Supreme Court.**

Writ of error having been granted, in a case reversed and remanded on appeal because the judgment was rendered on demurrer to plaintiff's petition erroneously sustained, the ruling being conceded to settle the case, the Supreme Court, on approving such ruling on appeal, can not render final judgment as prescribed by article 1552, Revised Statutes, 1911, since no evidence was introduced on the trial; but will remand the case to the District Court to be disposed of in accordance with such ruling. (P. 576.)

Error to the Court of Civil Appeals, Sixth District, in an appeal from Tarrant County.

John P. Daggett and others sued Josephine Barre. Defendant had judgment on demurrer sustained to plaintiffs' petition. They appealed, and on reversal and remand appellee, defendant below, obtained writ of error on the ground that the ruling settled the case.

*Sidney L. Samuels,* for plaintiff in error.—The court did not err in sustaining appellee's demurrer to so much of plaintiffs' petition as sought to recover the interest inherited by Josephine M. Barre from the estate of her mother, because at the time of the execution of said deed Josephine M. Barre was a married woman, living with her husband, and her mother was yet alive and in being, and there was no interest in said estate of her mother owned by said Josephine M. Barre that she as a married woman could at that time lawfully convey under the statutes and laws of Texas. Wadkins v. Watson, 86 Texas, 194; Kellett v. Trice, 95 Texas, 168; Chaison v. Beauchamp, 12 Texas Civ. App., 109; Logue v. Atkeson, 35 Texas Civ. App., 303; Blum v. Johnson, 28 Texas Civ. App., 10; Peterson v. McCauley, 25 S. W., 828; White v. Simonton, 34 Texas Civ. App., 464; Zimpleman v. Portwood, 48 Texas Civ. App., 438; Morrison v. Balzer, 35 Texas Civ. App., 247.

Since a married woman has no power in Texas to convey an expectant interest in lands to be inherited in the future, which if inherited would become her separate property, she cannot estop herself, in the absence of fraud, from asserting title to the after-acquired interest by merely retaining the consideration. City of San Antonio v. Grandjean, 91 Texas, 432; Mason v. Daniel, 90 Texas, 244; White v. Simonton, 34 Texas Civ. App., 464; Smith v. Powell, 5 Texas Civ. App., 373; Ford v. Ballard, 1 Texas Civ. App., 376; Stone v. Sledge, 24 S. W., 698; Johnson v. Bryan, 62 Texas, 626; Owen v. N. Y. & T. Land Co., 11 Texas Civ. App., 284; Morrison v. Balzer, 35 Texas Civ. App., 247; Wadkins v. Watson, 86 Texas, 194.

*Bryan & Spoonts* and *Spoonts, Thompson & Barwise,* for defendant in error.—Mrs. Barre had the right to convey or assign her expectant interest in the estate of her mother, if joined by her husband. Re-

vised Statutes, articles 632-635-637; Kavinaugh v. Brown, 1 Texas, 482; Cartwright v. Hollis, 5 Texas, 152; Ballard v. Carmichael, 83 Texas, 364; San Antonio v. Grandjean, 91 Texas, 435; Cauble v. Worsham, 96 Texas, 86; Hale v. Hollan, 90 Texas, 430; Kellett v. Trice, 95 Texas, 168; Angier v. Coward, 79 Texas, 551.

An expectancy may be assigned in equity.. Hale v. Hollan, 90 Texas, 430; Revised Statutes, article 3258; Cartwright v. Hollis, 5 Texas, 152.

The conveyance would pass title by estoppel. Lindsay v. Freeman, 83 Texas, 259; San Antonio v. Grandjean, 91 Texas, 435; Pryor v. Pendleton, 92 Texas, 384. °

Powers of a married woman in respect to conveying her separate estate. Reiley v. Wilson, 81 Texas, 240.

A married woman as to her own property rights is sui juris. McKay v. Treadwell, 8 Texas, 180; Rhodes v. Gibbs, 39 Texas, 445; Harris v. Williams, 44 Texas, 136; Wood v. Wheeler, 76 Texas, 19; Rogers v. Roberts, 13 Texas Civ. App., 190.

She can execute a trust deed upon her separate property to secure debt of her husband. Jordan v. Peck, 30 Texas, 439.

She can execute deed of trust on separate property to secure debt of third party. Paul v. Dodson, 55 Texas, 520. Kline v. Glass, 53 Texas, 44.

She can execute a bond for title to convey her separate estate. Patterson v. King, 26 Texas, 686.

She cannot avoid executing contract in respect to her separate property on the ground of coverture. Pitts v. Elser, 87 Texas, 347; Speer on Married Women, pp. 24, 49, 94.          °

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

"Appellant and appellees are brothers and sisters." The suit was by appellees to recover from appellant her interest in the property. The allegations of the petition material to this proceeding are, in substance, that all parties were children of C. B. Daggett and Mary Daggett; that C. B. Daggett died, leaving Mary his wife his survivor, and the land in question was the community property of said C. B. and Mary Daggett. Josephine Barre joined by her husband for a valuable consideration by deed in due form conveyed all of her interest in the community property described in the deed thus:

"1st. All the interest in the community half of the community estate of C. B. Daggett, Sr., left by him at his death, in Tarrant County, Texas, 1888, which interest was inherited by the grantors herein by reason of the fact that Josephine M. Barre, one of said grantors, is an heir and one of the children of said decedent, C. B. Daggett, Sr. This deed hereby conveying all the interest so inherited by said Josephine M. Barre, wherever situated."

There is no controversy about that portion of the property.

"2nd. Also all the interest which the said Josephine M. Barre ever expects to receive from the community half of her mother, Mary' A. Daggett, Sr., and Mary A. Daggett. But should her mother, Mary A. Daggett, elect during the lifetime of said mother to give said Josephine any of said property, or should she by will give or bequeath

to the said Josephine any property of any kind, then in either event this deed shall not prevent her from receiving and owning the same. The property herein conveyed is located for the most part in the State of Texas and in the County of Tarrant, and in the C. B. Daggett and S. K. Smith surveys, in said county, at the present time."

The plaintiffs' petition in proper form alleged the making of the deed, the payment of the consideration and the death of Mary Daggett intestate seized and possessed in her community right of the land in controversy, also the right of the defendant in the estate of her mother, and prayed for recovery.

The defendant excepted to the petition in terms which challenged the power of a married woman to sell an expectancy. It is unnecessary to copy the lengthy pleading. The judge of the District Court sustained the demurrer and dismissed the petition, which judgment was, upon appeal, reversed by the Court of Civil Appeals of the Sixth District and the cause remanded. The writ of error was granted upon the ground that the decision of the Court of Civil Appeals practically settles the case. Justice Levy, in an elaborate opinion, held that the judgment of the District Court was erroneous in that it held that a married woman joined by her husband could not sell her expectancy, and by authority and irrefutable logic sustained the conclusion of the court.

Two questions are presented by the facts of this case: (1) Is an expectancy in the estate of a parent a present right and the subject of sale? (2) Did the conveyance made by Mrs. Barre and her husband pass title to her interest the mother's half of the community estate of Mrs. Barre's parents?

The demurrer admits the truth of the allegations in the petition, which show that plaintiff in error received a valuable consideration for her conveyance, and there is nothing to indicate that she was not dealt with fairly. She had all of the safeguards provided by law in the concurrence of her husband and a privy examination by an officer. The property in this instance was definitely pointed out as the mother's half of the community property of the living mother and deceased father. The facts bring the case within the letter and spirit of Hale v. Hollon, 90 Texas, 427, in which this court held that the expectancy of a brother in the estate of a *non compos* sister under guardianship was a present existing right which was a proper subject of sale. Judge Denman made an exhaustive and able review of the authorities on the question. It is unnecessary to add argument to that which is so definitely settled.

The second objection made is that the married woman could not make a conveyance of an expectancy, because it was a contract or conveyance to take effect in the future. The effect of the deed was at that time to vest the right of Mrs. Barre in the estate named; it was in no sense executory.

Under the laws of this State a married woman has the same power to convey her separate property as a feme sole, with the qualification that she must be joined by her husband and must appear before an officer and acknowledge the conveyance in the form prescribed by the statute.

In Ballard v. Carmichael, 83 Texas, 364, this court, by Chief Justice Gaines, said: "One of the most valuable incidents of the right of property is the power to dispose of it; and it is held, that the power, in the absence of statutory restrictions, ordinarily accompanies the right. When the law permits the wife to take and hold property in her own right, it is generally held that she can transfer it as a feme sole, unless restrained by legislative enactments." The husband joined Mrs. Barre in making the deed in question; she had the privy examination, and, as owner of the expectancy, had authority to make the deed thereby parting with her right in the estate named.

The trial court erred in sustaining the demurrer, and the Honorable Court of Civil Appeals correctly reversed the judgment and remanded the cause.

The writ of error was granted in this case under this Article of the Revised Civil Statutes of 1911:

"Art. 1522. * * * 8. When the judgment of the Court of Civil Appeals reversing a judgment practically settles the case, and this fact is shown in the petition for writ of error, and the attorneys for petitioners shall state that the decision of the Court of Civil Appeals practically settles the case, in which case, if the Supreme Court affirms the decision of the Court of Civil Appeals, it shall also render final judgment accordingly."

The case was disposed of in the District Court on demurrer, hence we cannot render final judgment, no evidence having been introduced. The decision of the Court of Civil Appeals practically settles the case. The District Court should have overruled the demurrer; therefore, we adjudge and order that the demurrer be overruled and that the case be remanded to the District Court for trial in accordance with this opinion, and that the plaintiff in error pay all costs of this appeal and writ of error.

*Reversed and remanded.*