**MARTIN et al. v. MARTIN.   (No. 2235.)**

(Court of Civil Appeals of Texas. Texarkana. May 27, 1920. Rehearing Denied June 3, 1920.)

1. Evidence ⬤⟹419(2)—Recital of deed as to consideration contractual and subject to parol evidence rule.

Recital, in deed of father and stepmother to their son, that it was in consideration of his relinquishment of all the claim which he might have at any time in the future to any estate which they might have, *held* contractual in the sense that it was subject to the parol evidence rule.

2. Estoppel ⬤⟹22(2)—Recital as to consideration held relinquishment of claims by grantee's son.

Recital, in deed of father and stepmother to son, that it was in consideration of his relinquishment of all the claim which he might have at any time in the future to any estate they might have, *held* to mean that the acceptance

of the deed by the son was to operate as a relinquishment by him of all claims which he then had or might have in the future to property then owned by his father.

**3. Estoppel ⬤══22(2)—Recital constituting relinquishment by grantee's son estopped him to claim father's other land.**

Where a son accepted from his father and stepmother deed reciting that it was in consideration of his relinquishment of all claim which he might have at any time in the future to their estate, such son was estopped by the recital to assert title in himself to any part of the land of the father not conveyed to him.

Appeal from District Court, Cass County; H. F. O'Neal, Judge.

Suit by W. A. Martin and others against Rufe Martin. From the judgment, plaintiffs appeal. Reversed, and judgment rendered for plaintiffs.

Gus Martin and Rufe Martin were the only children of J. L. Martin and his wife, Mary, who died about 1880. J. L. Martin and his said wife owned as a part of the community estate between them (it is inferred from the testimony in the record) a tract of land, which he sold after her death for about $600. Afterward, while he was a widower, said J. L. Martin purchased a tract of 160 acres. By a deed dated April 5, 1889, he, joined by his then wife, he having married again, conveyed 80 acres of this tract to his son Rufe, "in consideration," it was recited in the deed, "of his relinquishment of all the claim which he may have at any time in the future to any estate which we may have." Gus Martin died in 1886, leaving appellants W. A. Martin, Minnie Martin, and Dollie Puckett, his only children, surviving him. Afterwards said J. L. Martin died, leaving surviving him his widow, his son Rufe, and the children named above of his son Gus. The widow died in 1918. This suit was by said children of Gus Martin, appellants here, against Rufe Martin, appellee, to try the title to the 80 acres remaining of said 160 acres tract after 80 acres thereof was conveyed to Rufe Martin as stated, which said J. L. Martin owned when he died. The theory on which appellants claimed the entire 80 acres, instead of an undivided one-half thereof, was that it conclusively appeared from the deed and recital therein set out above that the conveyance of the 80 acres to appellee was an advancement to him by J. L. Martin out of his estate which was intended by said J. L. Martin to be and was accepted by appellee as being in full satisfaction of every claim appellee then had and of every claim he might thereafter have against said J. L. Martin or his estate, and that appellee therefore was estopped to assert title in himself to any part of the estate owned by J. L. Martin at his death. Appellee denied that his acceptance

of the deed had such effect; and alleged, and over appellants' objection was permitted to adduce testimony which tended to prove, that, while J. L. Martin had conveyed the 80 acres to him, said Martin had before that time conveyed or had one Kizer to convey a tract to Gus Martin, which with the improvements thereon was of greater value than the 80 acres; and further that both the conveyance to him and the conveyance to Gus Martin were intended only to be in satisfaction of claims they respectively had against said J. L. Martin on account of the interest of their mother in the community estate between her and said J. L. Martin which he had appropriated to his own use. The trial was to the court without a jury. The appeal is from a judgment determining that appellants owned an undivided one-half and appellee the other undivided one-half of the land, and directing a partition thereof between them.

Hugh Carney, of Atlanta, for appellants. O'Neal & Allday, of Atlanta, for appellee.

WILLSON, C. J. (after stating the facts as above.) [1-3] We agree with appellants that the recital in the deed to Rufe Martin set out in the statement above was contractual in the sense that it was subject to the parol evidence rule (17 Cyc. 567 et seq.; Kahn v. Kahn, 94 Tex. 114, 58 S. W. 825); and further that the plain meaning of the recital was that the acceptance by Rufe Martin of the deed containing it was to operate as a relinquishment by him of every claim he then had and of every claim he thereafter might have to property then owned by J. L. Martin and to property which said J. L. Martin thereafter might acquire. And, while there are plausible reasons and respectable authorities which support a contrary view of the question, we also agree with appellants that Rufe Martin having accepted said deed was estopped by said recital from asserting title in himself to a part of the land in controversy. 1 R. C. L. 673; In re Simon, 158 Mich. 256, 122 N. W. 544, 17 Ann. Cas. 723, and note page 725 et seq.; Daggett v. Barre, 135 S. W. 1099; Barre v. Daggett, 105 Tex. 572, 153 S. W. 120. The doctrine approved by the greater weight of the authorities, and which we think is supported by the better reasons, is stated in 1 R. C. L. 673, cited above, as follows:

"It is common for a child, on receiving an advancement, to release his right to any further distributive share in the donor's estate. It is now generally recognized therefore that when a child accepts and uses an advancement given and received as his full distributive share of the estate he is estopped from denying the express conditions contained in the instrument by virtue of which he received it. If he does not want to be bound thereby, he should not receive it. Whether the arrangement is called a

contract not to take, or release to take effect in the future, the principle is the same. When the estate is cast by the death of the ancestor, it operates to estop the heir to take what he has agreed he will not claim. The justice of the rule is apparent. Sometimes the present use of a certain sum is worth more to a child than the uncertain prospect of sharing in a parent's estate, although the future share may, in the end, amount to many times its present value. Therefore the law kindly permits child and parent, taking into consideration the estate of the parent, the uncertainty of life, the precarious nature of property and wealth and the ages, necessities, and surroundings of both, to fix on a certain amount which, received by the child, shall be deemed equivalent at the time of the receipt thereof to a full distributive portion of the parent's estate at the time of his death. Another reason given is that it must be presumed that the parent relied upon the agreement and release, and but for it would have made a will; and that the child should be compelled to abide by his promise and thus prevent the just expectations of the parent from being disappointed. To the suggestion that a considerable inequality of interest may be, in fact, the result of accepting an advancement as in full for the statute share, it has been replied that in most cases it is uncertain whether any advancement will not result in inequality. The ancestor, after advancing a child or children, may accumulate or may lose property, or other children may be born, and thereby the whole theory of equality of distribution will be upset. * * * The release need not be executed with any greater formality than a simple contract, and there is no necessity for its being executed under seal. It is not even essential that a child shall sign a deed from his father which contains an agreement relinquishing any further right to share in the father's estate. By accepting the deed and entering into the enjoyment of the property thereby transferred he estops himself from thereafter claiming a further share of his father's estate."

The judgment will be reversed, and judgment will be here rendered for appellants for all the land they sued for.