## MAYFIELD v. EUBANK et al.   (No. 3117.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 26, 1925. Rehearing Denied Dec. 3, 1925.)

1. Contracts ⊝⇒88, 340—Promisor, under written instrument, must plead want or failure of consideration and has burden of proof thereof.

Since under statute every written instrument imports a valuable consideration, to overcome such presumption promisor, when sued, must not only plead want or failure of consideration, but has burden of proving truth of his plea.

2. Appeal and error ⊝⇒909(4)—Assumed there was community estate at time father guaranteed payment of notes transferred to daughter.

Where daughter executed release to father in settlement of her claim to interest in estate of her mother, in action against father's estate on his guaranty of payment of notes transferred to daughter, although there was no evidence thereof, it must be assumed there was community estate at time of guaranty.

3. Guaranty ⊝⇒16(1)—Benefit to father held consideration for his guaranty of payment of notes.

Where father having children of three marriages, to avoid confusion and probable controversies in final division of his estate, during his lifetime gave to each child of the first and second marriages property in named sum, he there-

by secured substantial benefit, one sufficient to constitute consideration for his contract of guaranty of payment of notes transferred to a daughter as part consideration of her release of her interest in estates of her mother and father.

**4. Descent and distribution ⬦⟹70—Heir cannot endow ancestor with title or right to property latter already owns.**

The heir cannot endow the ancestor with a title or right to property which the latter already owns and holds.

**5. Contracts ⬦⟹52—"Consideration" valuable if promisee parts with legal right or has received legal injury.**

It is not required, to constitute valuable "consideration" for executory contract, that promisor receive a benefit; it being sufficient if promisee parted with legal right or sustained legal injury as inducement for the promise.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Consideration.]

**6. Contracts ⬦⟹50—Valuable consideration may be either benefit to promisor or detriment to promisee.**

A valuable consideration may be either a benefit to the promisor or a detriment to the promisee, or surrender by latter of some legal right he was not otherwise bound to surrender.

**7. Descent and distribution ⬦⟹70—Guaranty ⬦⟹16(1)—Release by daughter parting with substantial right held binding on her and consideration for father's guaranty of payment of notes.**

Where daughter demanded father's guaranty of notes transferred to her as condition of her release of interest in parent's estate, such release was binding on her and estopped her from asserting interest as heir at law of her father's estate, which parting with substantial rights was adequate consideration for father's guaranty.

**8. Guaranty ⬦⟹16(1)—Fact that release by daughter operated as estoppel as against her and not as conveyance of her expectancy held not to affect question of consideration.**

Where legality of consideration of father's guaranty of payment of notes transferred to daughter depended on fact that by execution of release to him she lost some legal right and not alone on what her father gained, fact that release operated on her by way of estoppel and not as a conveyance of her expectancy *held* not to affect question of consideration.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by Mrs. Ewing B. Eubank and another against Mrs. Hattie B. Mayfield, as executrix of the will of J. B. Mayfield, and another. Judgment for plaintiffs, and defendant named appeals. Affirmed.

Marsh & McIlwaine and Bryan Marsh, all of Tyler, for appellant.

Johnson, Edwards & Hughes, of Tyler, and Head, Dillard, Smith, Maxey & Head, of Sherman, for appellees.

HODGES, J. During his lifetime, J. B. Mayfield, the father of the appellee Mrs. Eubank and the husband of the appellant, held five vendor's lien notes for $500 each executed by A. S. Allen, a party defendant in this suit. The notes were given in part payment for a tract of land theretofore conveyed by Mayfield to Allen. In January, 1920, Mayfield assigned these notes by a written transfer, but without indorsement, to Mrs. Eubank. At the same time he also executed a written contract guaranteeing the payment of those notes at maturity, and took from the appellee a written receipt. Some time after this transaction, Mayfield died. Upon the failure of Allen to pay the note due in 1923, this suit was instituted by Mrs. Eubank, the appellee, joined by her husband, against Allen and against Mrs. Hattie B. Mayfield as executrix of the will of J. B. Mayfield. Allen made no defense in the trial below. Mrs. Mayfield pleaded, among other things, that the contract of guaranty was without consideration. In a trial before the court a judgment was rendered against Allen on the notes and for a foreclosure of the lien upon the property, and against the appellant as executrix upon the contract of guaranty.

The trial judge filed findings of facts and conclusions of law, of which the following is the substance: J. B. Mayfield was married three times and had three sets of children. By his first wife he had five boys. After his death he married the appellee's mother, Mrs. Alma Mayfield, and the appellee was the only issue of that marriage. Mayfield and his second wife were divorced while the appellee was very young, and is still living. Some years after the divorce from the second wife, Mayfield married a third wife, the appellant in this suit, and by her had several children. His property included three community estates, the residue of which, after making the settlements with his children, was disposed of by will. In consideration of their release of their respective expectant interests in his estate and in the community estates of their respective mothers, Mayfield gave and transferred to each of his children by his first and second marriages, including the appellee, property and money amounting to the sum of $10,000. Those transfers were made in order to eliminate the children of the first and second marriages from any further claim or interest in his estate and in the community estates of their mothers, and as a settlement of all interests those children had or might have in those estates. A part of the $10,000 paid and delivered to the appellee Mrs. Eubank consisted of the vendor's lien notes sued on in this case. He delivered to her money and other property

which, added to the face of the notes, equaled the sum of $10,000. In consideration of that settlement, the appellee executed and delivered to her father, J. B. Mayfield, a release which recited the receipt of the money and other property, stating that it was "in full payment and settlement of all my claim and interest in the estate of my mother by virtue of his (her father's) marriage to her, and in his estate, who has this day paid me this amount of $10,000.00 in full settlement and claim of all my interest that I may have had or may now have in the estate of my above-named parents by virtue of their marriage." After making these settlements with his first and second sets of children, Mayfield by will disposed of the remainder of his property, bequeathing "the residue of my estate, including the community interest of my wife, Hattie Bell Mayfield (the third wife), to be given to my wife, Hattie Belle Mayfield, and our children, Jack Hastings Mayfield and Lelia Isabel Mayfield." The will also recited the settlement made with his first two sets of children in the following language:

"On the 3d day of June, 1920, I paid to my daughter Ewing Elise Mayfield Eubanks, Jr., ten thousand dollars in full settlement and claim of all interest that she may have now or has had in the estate of her parents, J. B. Mayfield and Alma Mayfield, by virtue of their marriage. The above-described settlements with my sons Thomas B. Mayfield, Eatle B. Mayfield M. G. Mayfield and John P. Mayfield, and my daughter Ewing Elise Mayfield Eubanks, Jr., were made in order to eliminate them from any further claim or interest in my estate; * * * and these settlements I have made are in full of all interest, claim and demands, whether by virtue of any community interest or otherwise, that they may have now or have had in my estate."

The court concluded that the transaction between J. B. Mayfield and the appellee was part of a family settlement of disputed property interests and claims, and that the contract of guaranty executed by J. B. Mayfield and here sued on was based upon a valid legal consideration. The only controverted issue in this appeal is the conclusion of the trial judge that the contract of guaranty was supported by a valid consideration.

[1, 2] In support of the plea of want of consideration, counsel for appellant contend that the evidence did not show that there was any property constituting a community estate of Mayfield and his second wife, the mother of the appellee. It is apparently admitted that there was no proof of that fact except the inference that might be drawn from the transactions out of which this controversy arose—the settlements between Mayfield and his children, and the recitals in his will. But conceding that the record is silent upon that issue: Does the absence of such proof establish appellant's plea of want

of consideration? Clearly it does not. Under our statute every written instrument imports a valuable consideration; and in order to overcome that legal presumption the promisor, when sued, must not only plead the want or failure of a consideration, but has the burden of proving the truth of his plea. Newton v. Newton, 77 Tex. 508, 14 S. W. 157; Gutta-Percha Rubber & Mfg. Co. v. City of Cleburne, 102 Tex. 36, 112 S. W. 1048. In the present state of the record we must therefore assume, in the disposition of this issue, that there was property constituting the community estate of Mayfield and the mother of the appellee at the time his contract of guaranty was executed. There was then in existence property concerning which the parties could and did contract.

[3, 4] But the further argument is made that even if there was such an estate, it belonged to Mayfield and his former wife, and neither of them could gain any benefit by the execution of the relinquishment which Mayfield took from the appellee. It is insisted that since the title to that property was then in Mayfield and his former wife, their child had no property interest in that estate which she could convey to her father in consideration of his guaranty of the notes. It is not denied that the appellee had an expectancy which she might convey to other parties, and when conveyed would pass her interest in the estate of her parents if the latter did not otherwise dispose of their property. See Hale v. Hollon, 90 Tex. 427, 39 S. W. 287, 36 L. R. A. 75, 59 Am. St. Rep. 819; Barre v. Daggett, 105 Tex. 572, 153 S. W. 120. It is true that the heir cannot endow the ancestor with a title or right to property which the latter already owns and holds; and if the existence of a consideration in this instance must be tested solely by the title or interest which Mayfield acquired from his daughter, there would be much weight in the argument advanced by counsel for the appellant. But in transactions of this character that is not the true criterion. Here Mayfield, the ancestor, had three sets of children, the issue of three different marriages. In order to prevent possible confusion and probable controversies in the final division of his estate after his death, he wished to settle with the children of the first and second marriages during his lifetime, and thus eliminate them from any further participation in the distribution of his property. To that end he gave to each child of the first and second marriages property and money equal in value to the sum of $10,000. While he may not have received any pecuniary returns from those settlements with his children, it cannot be said that he did not thereby secure a substantial benefit, one sufficient to constitute a consideration for an undertaking on his part. It is apparent that he owned considerable property. This may have been accumulated at such times and under such conditions as

to complicate its ultimate legal division among his different heirs. He may have had in mind the possibility of expensive and irritating litigation arising between them after his decease. The settlements he made were probably regarded by him as a just and convenient method of relieving himself from any further anxiety or solicitude concerning such future controversies. It is true he might have provided for the distribution of his property by will, but he had a right, if he saw proper, to use a different method, thus avoiding the expense and difficulties of preparing a will and the possible attacks that might be made on a will. The fact that he did make a will thereafter is no answer to that argument. The release he exacted eliminated the appellee as an heir to his property, regardless of whether the will stood or failed. Evidently the settlements Mayfield made simplified the labor of making his will in favor of his surviving wife and the children of his last marriage. We think the following authorities support the proposition here announced: Martin v. Martin (Tex. Civ. App.) 222 S. W. 292; Estate of Garcelon, 104 Cal. 570, 38 P. 414, 32 L. R. A. 595, 43 Am. St. Rep. 134; 13 Cyc. 529.

[5-7] But it is not required, in order to constitute a valid consideration for an executory contract such as that involved in this controversy, that the promisor should receive a benefit. It is sufficient if the promisee has parted with some legal right, or has sustained a legal injury, as an inducement for the promise which is sought to be enforced. To state the proposition in another form: A valuable consideration may be either a benefit to the promisor or a detriment to the promisee, or a surrender by the promisee of some legal right the latter was not otherwise bound to surrender. James v. Fulcrod, 5 Tex. 512, 55 Am. Dec. 743; Ballard v. Burton, 64 Vt. 387, 24 A. 769, 16 L. R. A. 664; 6 R. C. L. pp. 654–657, and the cases there cited in the notes. In this instance Mayfield could not have compelled the appellee to relinquish her expectant interest in his property. She demanded his guaranty of the notes as a condition of her release. When she voluntarily executed the relinquishment exacted by him, she parted with whatever right she had in the future distribution of his remaining property. Martin v. Martin, supra. In exchange for that relinquishment, she received property from her father amounting in value to the sum of over $6,000 in addition to the vendor's lien notes involved in this litigation. That this release was binding upon her and now estops her from asserting any interest as an heir at law in her father's estate can hardly be denied. That situation might result in considerable benefit to the children of the last marriage in the absence of a will. But whether that result followed

or not, the appellee parted with a substantial legal right.

[8] The next question is: Does the fact that this release operates against appellee by way of estoppel, and not as a conveyance of her expectancy, alter the legal situation? We think not. The legality of the consideration depends upon the fact that by the execution of the instrument she lost some legal right, and not alone upon what her father gained. Her loss was just as complete when resulting from estoppel alone as if she had conveyed her interest in some legal form to a third party.

We are of the opinion that the contract of guaranty was based upon a valuable consideration and is enforceable in this suit.

The judgment will therefore be affirmed.