**GRAVIS et al. v. ROGERS et al.**
**No. 9736.**

Court of Civil Appeals of Texas. Austin.
Nov. 3, 1948.

Rehearing Denied Nov. 17, 1948.

Dibrell & Gardner, of San Antonio, and Sam J. Dotson, of San Angelo, for appellants.

John D. Cofer, of Austin, for appellees C. M. Rogers et al.

Pat Dougherty, of Austin, for appellees Geo. W. Cox et al.

RAYMOND GRAY, Justice.

The subject matter of this suit is $87,500 awarded by the American Mexican Claims Commission on January 21, 1947, to the estate of Mrs. Martha A. Rabb, deceased. This award was made in payment for cattle lost to Mexican raiders from August 20, 1866, to August 20, 1872.

It is conceded by all parties that the cattle lost belonged to the community estate of Martha A. Rabb and husband, John Rabb.

Appellees brought the suit seeking a declaratory judgment establishing their rights as against appellants to receive payment of the award. Appellees (except Dr. George W. Cox) claim title to the award through the wills of Martha A. Rabb and her second husband, C. M. Rogers, who was the father of appellee C. M. Rogers. Appellants, except their respective husbands, claim as heirs of John Rabb, and as such claim one-half of the award. Dr. Cox claims 50% of the award by reason of powers of attorney held by him.

The trial was to a jury, but at the conclusion of the evidence, and upon appellees' motions, the court withdrew the case from the jury and rendered judgment that appellees are entitled to receive payment of the award, as follows: Dr. Cox 50% thereof, all other appellees 50%, and that appellants have no interest therein.

The record shows John Rabb died April 15, 1872, intestate, leaving surviving him his wife, Martha A. Rabb, and six children; one of these, Thomas L., died intestate and unmarried after the death of the father; the other five children are now deceased. Appellants claim interests in the award as heirs of these five children, and which claims are established unless the interests of said five children in the award passed to Martha A. Rabb by the several deeds hereinafter discussed.

On April 23, 1872, Martha A. Rabb qualified as community survivor of the estate of herself and deceased husband. She filed an inventory and list of claims of said estate, but did not include any claim for cattle lost. Mrs. Rabb married C. M. Rogers March 25, 1879, and died testate March 20, 1901, leaving her estate to her surviving husband, who married Georgia Allen, January 5, 1902, and died testate March 1, 1909, leaving all his property to his wife during her life, with remainder to his children by her. These children are C. M. Rogers and Mary Rogers Brown. Georgia Allen Rogers married W. F. Bayans. These named parties, together with Leon Brown, husband of Mary Rogers Brown, and Dr. Cox are appellees.

By the inventory filed by Mrs. Martha A. Rabb the total community estate is valued at $70,625. Attached to, or as a part of, the inventory is a sworn statement of Mrs. Rabb that out of the father's portion of the community estate there stands chargeable "against Mrs. Elizabeth Gravis $5,000 in cash and 600 head of cattle; against Mrs. French $5,000 in cash and 600 head of cattle; against Green A. Rabb 1,000 head of cattle and 50 mares; against Thomas L. Rabb 1,000 head of cattle and 50 mares; and against M. Louis Rabb, 600 *Hundred* of cattle; of all which said property the said several children and heirs

are now in their possession and of which they have the sole use and benefit."

The claim for cattle lost to Mexican raiders was filed with the Robb Commission August 17, 1872, and was for an alleged loss of 20,000 head of cattle.

At the time of his father's death Frank Rabb was a minor. His mother, Martha A. Rabb, qualified as his guardian July 28, 1879, and the inventory then filed shows him to be entitled to an estate amounting to approximately $11,744.26, plus 1/10 of cattle in a given brand, but the number and value of such cattle was undetermined.

As the deeds from the children of John Rabb to Martha A. Rabb are not in the same words, we deem it advisable to quote the portions of these deeds relevant to our inquiry, for the ultimate rights of the parties depend upon whether or not these deeds convey the grantors' interest in the cattle claim.

By deed dated May 27, 1879, Green A. Rabb, a son of John Rabb, made a deed to Mrs. Martha A. Rogers, for a consideration of $15,706 to him paid by her. The deed recited:

"* * * have released, bargained, sold and conveyed and by these presents. do release, bargain, sell and convey unto the said Martha A. Rogers, in her own separate right, all of the right, title, interest and claim which I have in or to the property real and personal belonging to the Estates of John Rabb deceased and Thomas L. Rabb deceased, by heirship or otherwise, said claim or interest being one-twelfth of the Estate of the said John Rabb, deceased, and one-tenth of the Estate of the said Thomas L. Rabb, deceased, of both of which Estates the said sum of Fifteen thousand seven hundred and six dollars is the value of the entire therein, owned or claimed by me.

"The said Estates consisting in part of lands situated in Nueces and Duval Counties, Texas, and a part of which is the land enclosed in the pasture in Nueces County, Texas, known as 'Mrs. Rabb Pasture.'"

By a deed dated May 13, 1878, Margaret French, a daughter of John Rabb, joined by her husband, conveyed to Mrs. Martha A. Rabb, for a consideration of $15,706 to them paid, the interest of Margaret French in the estate of John Rabb and Thomas L. Rabb, employing the same descriptive language as is used in the deed from Green A. Rabb in describing the interest conveyed.

By a deed dated November 22, 1887, Frank Rabb conveyed to Martha A. Rogers, in consideration of $10 to him paid by her and further consideration of property deeded and transferred to him (the value and kind of property so deeded and transferred is nowhere shown), his interest in the estate of John Rabb and Thomas L. Rabb. The deed uses the same descriptive language employed in the two above mentioned deeds, with the following additional:

"* * * and all the enventories of said estates and all the deeds connected with same and descriptive of the properties belonging to said estates are hereby referred to and made a part hereof for a better description of all the property hereby conveyed."

We find nothing in the language used in these deeds which we can interpret as supporting appellants' contention that the deeds do not convey the interest of the grantors in the cattle claim to Mrs. Rabb. Appellants claim as heirs of John Rabb and Thomas L. Rabb, and bottom their claim solely on the proposition that the award was made in payment for cattle belonging to the community estate of John Rabb and Mrs. Martha A. Rabb, and therefore one-half of the award is property belonging to John Rabb's estate, and which they claim as his heirs. They having, in their several deeds, designated the property conveyed by them as "all the rights, title, claims and interest which I (we) have in or to the property, real and personal, belonging to the estates of John Rabb, deceased, and Thomas L. Rabb, deceased, by heirship or otherwise * * *," is inclusive of all property belonging to said estates.

To hold the interests in the cattle claim were not assignable by the deeds would be to treat the same in a manner different to that accorded it by appellants. We think these interests were in the nature-

of expectancies of the heirs of John Rabb, and we hold they were assignable. Clark v. Gauntt, 138 Tex. 558, 161 S.W.2d 270; Daggett v. Barre, Tex.Civ.App., 135 S.W. 1099, affirmed 105 Tex. 572, 153 S.W. 120.

Appellants say the evidence fails to show delivery of the deeds, or that a jury question was presented on the issue of delivery. This contention is overruled. The deeds are signed and acknowledged by the grantors and are recorded. These facts are prima facie evidence of delivery, and there being no evidence in the record disputing this presumption of delivery, the presumption will prevail. 14 Tex.Jur., Sec. 69, p. 832; and Sec. 74, p. 838.

Mrs. Rabb having qualified as community survivor she was vested with the same right of control over the community estate of herself and deceased husband as he had during his lifetime. She was charged, however, with the duty of keeping accounts and, after the lapse of twelve months, of distributing the estate to those entitled to receive it. Leatherwood v. Arnold, 66 Tex. 414, 1 S.W. 173; Huppman v. Schmidt, 65 Tex. 583; Sealey v. Mutual Land Co., Tex.Civ.App., 184 S.W. 1073, error ref. Her remarriage terminated her status as community survivor but not her duty to account for the estate to the heirs. This was a continuing duty. In view of the record before us and the long lapse of time since their execution, we are constrained to treat the deeds of conveyance as deeds of settlement made by the heirs and Mrs. Rabb. The consideration as recited in the deeds, when compared with the respective interest of the parties, as measured by the appraised value of the community estate, is suggestive of a fair settlement, including the bare hope that possibly something might be realized out of the cattle claim in the future. There was at that time no agency authorized to make any lawful award on said claim.

We cannot agree with appellants that the omission of the cattle claim from the inventory filed by Mrs. Rabb saves it from the operation of the several deeds. Their asserted right to participate in the award as heirs of John Rabb is founded on the undisputed fact that his interest in the cattle claim amounted to one-half thereof. The failure to include the claim in the inventory did not change its legal ownership. At most its omission was an irregularity subject to correction by the heirs or creditors. See Withrow v. Adams, 4 Tex.Civ. App. 438, 23 S.W. 437, error ref. The description of the property conveyed by the deeds must be held to be inclusive of any right and any claim to participate in the award as an heir of John Rabb.

Mary Louise Hampton (a daughter of John Rabb) and her husband made a deed to Mrs. Martha A. Rabb, using the same descriptive language above set out, except that it contains the following: "* * * the said estates consisting in pasture land situated in Nueces and Duval Counties, a part of which lands are enclosed in the pasture in Nueces County, Texas, known as Mrs. Rabb's pasture * * *." We think this clause is purely descriptive of, and is referable to, the real property and does not exclude the personal property from the general description of kinds of property included. 14 Tex.Jur., p. 1040, Sec. 247. We think the quoted language was added for the purpose of giving a more definite description of the real property; but if there be a doubt as to the true meaning and purpose of this language it must be construed favorably to the grantee. Hunt v. Evans, Tex.Civ.App., 233 S.W. 854.

There is in the record a deed on which appellees rely as conveying the interest of Elizabeth Gravis in the cattle claim to her mother, Mrs. Martha A. Rabb. This deed reads, in part:

"That we, Charles K. Gravis for and in consideration of the sum of Seventeen Thousand Five Hundred and Fifty-six dollars to us in hand paid and secured to be paid by Martha A. Rogers, * * * have released, bargained, sold and conveyed and by these presents do release, bargain, sell and convey unto the said Martha A. Rogers in her own separate right, all the right, title, interest and claim which we or either of us have in or to the property real and personal belonging to the Estate of John Rabb and Thomas L. Rabb, deceased by heirship or otherwise, wherever said property may

be situated said claim or interest being one-twelfth of the Estate of John Rabb deceased and one-tenth of the Estate of Thomas L. Rabb, deceased, of both of which Estates the said sum of $17,556.00 is the value of the entire interest therein, owned or claimed by us or either of us.

\* \* \* \* \* \*

"Witness our names this the 19th day of May, A. D. 1879.

"Elizabeth J. Gravis
"C. K. Gravis."

This deed is not only signed by Elizabeth J. Gravis and her husband, it is also acknowledged by them by a sufficient joint acknowledgment. It is admitted in the record that Elizabeth J. Gravis was a daughter of John Rabb and that she married C. K. Gravis. There is here presented the sole and only question of whether or not this deed conveyed the interest of Elizabeth J. Gravis in the cattle claim to Mrs. Rabb. We have already expressed our opinion that the claim is included within the language used in this and other deeds. There remains only the question of the sufficiency of this instrument to convey title to the separate personal property of Mrs. Gravis. Under the Constitution and laws in force at the date of this deed, the right of the wife to own property, both real and personal, as her separate estate is clearly given. The right to own property necessarily carries with it the right to convey in a manner not prohibited by law. We have no doubt but that the above deed is sufficient as a conveyance of the personal property of the wife. Ballard v. Carmichael, 83 Tex. 355, 18 S.W. 734; Speer's Law of Marital Rights in Texas, 3rd Ed., p. 317, Sec. 249.

Dr. George W. Cox holds a power of attorney from appellees authorizing him to represent them in proving up and collecting the cattle claim and their interest therein. He also holds a power of attorney from certain of appellants fully authorizing him, in their name, place and stead, to do all things necessary in the prosecution of said claim. Appellants say they would not have given any power of attorney to Dr. Cox if they had known he was representing appellees; that he represented conflicting interests, and they are entitled to judgment for an accounting from him, and to judgment on their cross complaint against him.

By these powers of attorney Dr. Cox was authorized to represent the parties and their interests in securing an award to be made by the American Mexican Claims Commission. He did not represent one interest adversely to, or to the exclusion of, the other. Neither did his representation determine who might be entitled to receive payment of the award when made. Our courts denounce double agency contracts as being fraud upon the principals, and refuse to enforce such contracts. However, a person may act as the agent of two or more principals in the same transaction, if his duties to each do not require the doing of inconsistent and incompatible things. Bass v. Tolbert, 51 Tex.Civ.App. 437, 112 S.W. 1077. Dr. Cox was authorized to prosecute the claim in its entirety and in doing so his actions were not representing one interest as against the other. His efforts in no way influenced or controlled the distribution of the award.

In arriving at our conclusions as here expressed, we have considered all fifty-six of appellants' assignments, but being convinced no error is reflected, the judgment of the trial court is affirmed.

Affirmed.

RAYMOND GRAY (dissenting).

I am unable to agree to an affirmance of the judgment in this cause in so far as the opinion holds the interest of Mrs. Gravis in the cattle claim was conveyed to Mrs. Martha A. Rabb by the deed signed and acknowledged by Elizabeth J. Gravis and C. K. Gravis. I agree, if the instrument conveyed only separate personal property of Mrs. Gravis, the deed would be sufficient to do so, but, in my opinion, that is not the character of the deed before the court.

The deed purports to convey the entire interest of Mrs. Gravis in the real and personal property belonging to the estate of John Rabb, deceased, and the recited consideration is a lump sum. Unless the wife's name appears in the body of the deed it is not effective as a conveyance of her separate real property. Stone v. Sledge, 87 Tex. 49, 26 S.W. 1068; 47 Am.St.Rep. 65;

Magee v. Young, 145 Tex. 485, 491, 198 S.W.2d 883 (on motion for rehearing, page 886).

The conveyance of the interest in the cattle claim must stand or fall on the sufficiency of this deed as a conveyance thereof, and to be effective for such purpose the deed must be severable. I confess I am unable to eliminate this question from the opinion. That the deed is not severable appears to me well established. 10 Tex. Jur., p. 324, Sec. 186; 12 Amr.Jur., pp. 870 to 872; 13 C.J., § 525, page 561; 17 C.J.S., Contracts § 331. If the deed is not severable, then because it was not executed in conformity with the law regulating a conveyance of the wife's separate real property, no estate was conveyed by it. Thompson v. Crim, 132 Tex. 586, 126 S.W.2d 18.

On Point of Dissent.

PER CURIAM.

The issue of severability of the Gravis deed is immaterial, nor is it material that the deed may not have been effectual to pass title to Mrs. Gravis's real estate. We all agree that the instrument was "sufficient as a conveyance of the personal property of the wife." Once this is conceded, it is clear that neither Mrs. Gravis nor those claiming under her were ever in position to defeat the passage of title to the personal property conveyed (or assigned) by the instrument, merely by showing that the grantee did not get all that the instrument purported to convey. The grantor alone (and those claiming under her) is not in position to assert invalidity of the instrument on the ground that she did not get all she had paid for. The situation is analogous to one where title fails to a part of the property conveyed. The grantor, in such event, could not recover the property actually conveyed merely by showing that he had no title to, and therefore did not convey, all the property, which the grantee paid for— and this, even though the grantor tendered to the grantee the entire consideration for the conveyance. So long as the grantee is satisfied to take what actually passed by the instrument, it should be upheld to that extent and not stricken down in its entirety at the instance of the grantor.